CANDEE VS. THE PENNSYLVANIA RAILROAD COMPANY.

RAILROADS: *connecting lines: through tickets: liability for baggage.—Pleading.*

1. Where a railroad company in this state sells a through passenger ticket by a specified route to some point out of the state, over lines of road belonging to other companies in other states, *it seems* that the undertaking of the first named company is, to transport the passenger and his baggage safely to such place of destination, and that it is liable to him for any injury to his person or baggage, occurring on any of said connected lines of road, in violation of such undertaking. (DOWNER, J., expresses no opinion on this point.)

2. Where a railroad company in this state sold plaintiff a through ticket to New York city by its own and connecting roads *via* the Allentown line from Harrisburg, Pa., with a right on plaintiff's part to go from the latter place *via* Philadelphia on defendant's road, instead of by the Allentown line, and checked her baggage to New York *via* said Allentown line, and plaintiff at Harrisburg elected to go *via* Philadelphia, and had her trunk rechecked to New York by the defendant company by that route, and on its arrival at New York it was found to have been opened and robbed: *Held,*

(1.) That the defendant company did not enter into any new contract by rechecking said trunk, but that act must be held to have been done in pursuance of the original agreement.

(2.) Whether or not defendant would have been liable for losses occurring while the trunk was in its possession, the complaint fails to show a cause of action because it does not allege that the loss occurred through defendant's negligence.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for damages resulting from the opening of plaintiff's trunk, and the taking of goods therefrom, while the same was being carried, with the plaintiff herself, from Harrisburg, Pa., to the city of New York. Defendant appealed from an order overruling a demurrer to the complaint as not stating a cause of action, and also for a defect of parties defendant in that the other railroad companies named in the complaint were not made defendants. The substance of the complaint is stated in the opinion. It appears therefrom, also, that defendant's railroad extends from the city of Pittsburg to the city of Philadelphia in the state of Pennsylvania.

*Byron Paine,* for appellant, contended, 1. That the facts stated

in the complaint do not show a contract by either of the companies composing the line from Milwaukee to New York, to be responsible for the transportation of the plaintiff or her baggage except over its own road. By the through tickets sold at the beginning of the route, each company contracts to transport only over its own road, though it makes the other companies its agents for the sale of its tickets. *Hood v. N. Y. & N. H. R. R. Co.*, 22 Conn., 1; *Sprague v. Smith*, 29 Vt., 426; *Schopman v. B. & W. R. R. Co.*, 9 Cush., 24; 1 Gray, 502; *Straiton v. N. Y. & N. H. R. R. Co.*, 2 E. D. Smith, 184; *Ellsworth v. Tartt*, 26 Ala., 733. Counsel also cited Redfield on Railways, § 158, and contended that the distinction there made in this respect between the law applicable to the *persons* of passengers and that relating to their baggage, is supported neither by reason nor by authority. The contract to carry ordinary baggage is an incident to the contract to carry the passenger, and the compensation is included in his fare (Pierce on Am. R. R. Law, 495–6, and cases cited in the note); and the mere incident cannot continue after the principal contract is at an end by fulfillment. A contract to carry the passenger's trunk from Milwaukee to New York cannot be implied as an incident from a contract to carry the passenger himself from Milwaukee to Chicago. Judge Redfield seems to have applied to baggage, without any qualification, the English rule in regard to freight, that the carrier receiving it, marked for a point beyond his own route contracts to deliver it at the point of destination, unless he specially provides otherwise. But the weight of American authority is decidedly against the English rule. Redfield on Railways, 252, 287–8; 1 Parsons on Con., 687–8, note k; Pierce on R. R. Law, 454 et seq.; *F. & M. Bank v. Transp. Co.*, 23 Vt., 186–209; *Peet v. Ch. & N. W. R. R. Co.*, 19 Wis., 123. Under the American rule, the company is not responsible for any freight beyond its own line unless upon some special proof of a contract for that purpose. Moreover, in the case of bag-

gage, the fact that the first carrier, selling the through tickets, gives to the passenger the contract of each of the other carriers binding them to carry him, and, as an incident, his trunk, over their respective routes, absolutely excludes the presumption of any intention on its part to contract for their routes itself. Counsel further argued that the checking of the baggage through by the first carrier does not change the result; because a check is nothing more than a mark put on a trunk to identify it and show its point of destination, like the written or printed marking on common freight, for which it is substituted in the case of baggage merely on grounds of convenience. *Hickox v. Naugatuck R. R. Co.*, 31 Conn., 283.

2. If the plaintiff's theory, that the first company contracted to carry at least the trunk from Milwaukee to New York, is correct, it must be assumed that that company received the consideration for its undertaking in the fare received from the plaintiff. It follows also that by the purchase of the through tickets plaintiff made no contract with the defendant, or any other intermediate company, to carry the trunk at all. If the trunk should be delivered to it, it would act as the agent of the first company in carrying it over its own road, and would be entitled to receive from that company its charge for the service after it was performed. Under the original contract plaintiff had her option whether to go from Harrisburg over the Allentown line or by way of Philadelphia, and it must be assumed that the transportation of her trunk was subject to the same option. Defendant, then, in changing the check, as well as in carrying the trunk over its railroad, acted merely as agent of the first company; and that company alone remains liable. If, however, the contract of the first company was fixed absolutely to carry by way of Allentown only, defendant had made no contract to carry it at all, but only to carry plaintiff herself from Pittsburg to Philadelphia. If in rechecking the trunk at Harrisburg defendant is held to have undertaken to

carry it to New York, it was a purely gratuitous undertaking, for which it received no consideration, and no action could be maintained on it without alleging gross negligence. 3. Counsel also argued at length that defendant had no power to make a contract for the transportation of persons or freight beyond the line of its own road, citing *Hood v. N. Y. & N. H. R. R. Co.*, 22 Conn., 502; *Elmore v. Naugatuck R. R. Co.*, 23 id., 469; *Naugatuck R. R. Co. v. Waterbury Button Co.*, 24 id., 478; *Bissell v. Mich. S. & N. Ind. R. R. Co.*, 22 N. Y., 258; *Pearce v. R. R. Co.*, 21 How. (U. S.), 442; *Madison &c. Pl. R. Co. v. Watertown &c. Pl. R. Co.*, 7 Wis., 78.

*Alfred L. Cary*, for respondent, contended that the through check given by defendant to plaintiff was the evidence of a contract by defendant to safely carry plaintiff's trunk from Harrisburg to New York, and deliver it to her at the latter point. *Dill v. R. R. Co.*, 7 Rich. (S. C.), 158; *Illinois Central R. R. Co. v. Copeland*, 24 Ill., 332; *Cary v. Cleveland & Toledo R. R. Co.*, 29 Barb., 35; *McCormick v. The Hudson River R. R. Co.*, 4 E. D. Smith, 181. As to the power of defendant to enter into such a contract, he cited *Peet v. Ch. & N. W. Railway Co.*, 19 Wis., 118; *Noyes v. Rutland & Burlington R. R. Co.*, 27 Vt., 110; *Weed v. S. & S. R. R. Co.*, 19 Wend., 534; *Hart v. R. & S. R. R. Co.*, 8 N. Y., 37; *Cary v. C. & T. R. R. Co.*, 29 Barb., 35; *Ill. Cent. R. R. Co. v. Copeland*, 24 Ill., 332; *Ill. Cent. R. R. Co. v. Johnson*, 34 id., 389.

COLE, J. Since this case comes up on a demurrer to the complaint, it may be well to give the principal allegations of the complaint, to see if they show a cause of action against the defendant.

It is alleged in the complaint that the several railroad companies therein mentioned formed one continuous and connecting line of road for the transportation of passengers and baggage from the city of Milwaukee to the city of New York; that

by virtue of an arrangement existing between these companies, each company issued and sold tickets for the transportation of passengers and baggage, which were good over the roads of the other companies; that at the city of Harrisburg there is a railroad branching off from the defendant's road and running to New York by the way of Allentown, and commonly known as the " Allentown Line;" that by reason of some arrangement existing between the defendant and the operators of the " Allentown Line," tickets for the transportation of passengers and baggage over the defendant's road were equally good over the " Allentown Line." It is further alleged that about the 22d of February, 1865, the plaintiff purchased from the Chicago & Milwaukee Railway Company a coupon ticket issued by that company, paying therefor the then established rate for one first class passage from Milwaukee to the city of New York; that she had the option of using her ticket over the " Allentown Line," instead of going by the way of Philadelphia; that she delivered her trunk to the Chicago and Milwaukee company at Milwaukee, receiving therefor a through check for the trunk to the city of New York by way of the " Allentown Line." It is further averred that when the plaintiff arrived at the city of Harrisburg, on the defendant's road, where the " Allentown Line" branches off, she determined to go by the way of Philadelphia, instead of going over the " Allentown Line;" that thereupon the defendant company took up the check which the plaintiff had received for her trunk from the Chicago and Milwaukee company, and gave in exchange therefor a through check from Harrisburg to New York by the way of Philadelphia. It is stated that at the time the trunk was rechecked at Harrisburg, the plaintiff was informed and believed that the same was in good order, but that when it arrived at New York the lock had been broken, and the articles there mentioned had been taken therefrom. It is not, however, alleged that the defendant company was guilty of any neg-

ligence on its part in transporting the trunk over its road; nor that the loss happened while the trunk was in the possession of that company, or under the control of its agents and employees. The question, therefore, arises upon these facts, whether a cause of action is stated against the defendant.

It appears to us that there is not enough set forth to show that the defendant is liable for the value of the articles lost. According to our understanding of the matter, the ticket and check given by the Chicago and Milwaukee Railway Company imply a special undertaking by that company to safely transport and carry, or cause to be safely transported and carried, the plaintiff and her baggage over the roads mentioned in the complaint, from Milwaukee to the city of New York. This, we think, must in legal contemplation be the nature and extent of the contract entered into and assumed by that company when it sold the plaintiff the through ticket, gave a through check for the trunk, and received the fare for the entire route. This is the doctrine of the case of the *Illinois Central R. R. Company v. Copeland*, 24 Ill., 332, and we are disposed to follow it as laying down a safe, sound and reasonable rule on this subject. In the case of *Peet v. Chicago & Northwestern R. R. Co.*, 19 Wis., 118, this court affirmed an analogous principle, by holding that where a railroad company contracted as a carrier to transport goods for the whole line, it became liable for any injury which might happen to them beyond the terminus of its own road, while under the control of other carriers. So here. The Chicago and Milwaukee company received the whole passage money from Milwaukee to New York city—fare which covered the carriage of both the plaintiff and her baggage safely to the latter city. It assumed to give a through check for the trunk, and a through ticket which entitled the holder to a first class seat in the cars passing over the successive roads. It seems to us, therefore, perfectly reasonable and proper to hold that company to the full meas-

ure of liability assumed by it in its contract, and to say that it is liable for losses happening beyond the line of its own road. It was contended by the counsel for the appellant, that the facts do not show even a contract on the part of the Chicago & Milwaukee company to transport the plaintiff and her baggage for the entire route; that the tickets issued by it should rather be regarded as distinct tickets for each road, sold by that company merely as agent for the other companies; and that each company is only liable for such losses as happen on its own road. But it is very obvious that this rule would at once destroy all the convenience and benefits of the through ticket system, since it would impose upon the passenger the necessity of both looking after and examining the condition of his baggage at the terminus of each road; otherwise it would be impossible for him to prove where the loss occurred. We deem it a better rule to hold, that the Chicago & Milwaukee company, by issuing the through ticket and check, contracted to carry the plaintiff and her baggage the entire route. Had the complaint alleged that the loss happened in consequence of the negligence of the agents and employees of the defendant company, and while the trunk was being transported over its road, then, perhaps, the action might be maintained, notwithstanding the undertaking of the first company. But there is no such averment in the complaint.

It seems to have been supposed that the defendant company rendered itself liable for the loss in this case, because at Harrisburgh it took the baggage check originally given by the Chicago & Milwaukee company, and gave its own through check for the trunk to New York, by the way of Philadelphia. But this exchange was made simply in accordance with the terms of the contract entered into at Milwaukee. By that contract, the plaintiff had the option of using her ticket over the "Allentown Line," or to go by the way of Philadelphia. True, her trunk had been checked by the way of Allentown;

yet when she reached Harrisburg, she had the privilege of electing whether she would pass over the "Allentown Line" or go the other route. She contracted for this option in the first instance, and therefore surrendering the check which she had received from the Chicago & Milwaukee company, and taking the defendant's check in exchange, was but carrying out this understanding and agreement. But we do not think the effect of this transaction was to change the relation of the parties, by either restricting or enlarging the liability of the defendant company, any more than though the trunk had been originally checked by the Philadelphia route.

In anticipation that we might hold, upon the facts stated in the complaint, that the defendant contracted to carry the plaintiff's trunk beyond its own road to the city of New York, the counsel for the appellant contends that the defendant had no power to make such a contract. This objection, that a railroad company cannot incur liability beyond its own route by an express contract, is overruled by what has been already said in this opinion, as well as by what (if not expressly) is at least by implication decided in *Peet v. Chicago & Northwestern R. R. Co.,* *supra.* It is unnecessary to enter upon any discussion of this question at this time. The remarks already made dispose of this appeal. My own opinion, however, is, that the great weight of authority, not only in England but in this country, holds that it is competent for a railroad company to contract for the transportation of passengers and goods beyond the terminus of its road, and I am disposed to follow these decisions. But I leave the discussion here for the present.

It follows from the views we have expressed, that the order of the circuit court overruling the demurrer to the complaint must be reversed, and the cause remanded for further proceedings according to law.

DOWNER, J. I concur in the opinion that the defendant cor-

poration is not liable unless the loss occurred while the baggage was in its custody; and as there is no averment in the complaint to that effect, the demurrer should have been sustained. But I express no opinion as to the liability of the corporation issuing the ticket for losses on the roads of the other corporations.

*By the Court.*—Order reversed, and cause remanded.