## W. E. TRUESDALE v. THE STATE.

### No. 2118.    Decided March 6, 1901.

**1. Local Option Election—Order Declaring Result—Exceptions as to Medicinal and Sacramental Purposes—Surplusage.**

It is not necessary to the validity of the order of the commissioners court declaring the result of a local option election, that it should recite or even allude to the exceptions under which intoxicants might be sold, to wit, for medicinal and sacramental purposes. An order, "absolutely" prohibiting the sale is with-

out authority of law, and the word "absolutely," in such an order, otherwise sufficient, will be stricken out as surplusage.

**2. Same—Disqualification of Judge.**

On a trial for violating local option, the trial judge is not disqualified because he is a mere formal party in another action brought to contest the validity of said local option election which put the law in operation under which this prosecution was instituted.

**3. Same—Evidence—Order of Commissioners Court.**

On a trial for violating local option, the fact that defendant and others had filed a contest to test the validity of the local option election, and had notified the county judge, etc., of the grounds of said contest, did not present any legal objection to the introduction in evidence of the orders of the commissioners court with regard to said local option law.

**4. Same—Publishing Result—Injunction—Evidence.**

On a trial for violating local option, it was competent for the State to show that the order declaring the result of the election was not published' for four weeks succeeding the date of the order, because a temporary injunction restraining said publication had been granted by the district judge; and also to show that said injunction was, afterwards, dissolved by said judge.

**5. Same.**

On a trial for violating local option, the fact that the State was permitted to show that an injunction had been granted, which prevented the publishing of the result in the time required by law, did not authorize defendant to introduce in evidence the pleadings in the injunction suit. Such evidence would be irrelevant and immaterial.

APPEAL from the County Court of Midland. Tried below before Hon. E. R. BRYAN, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement necessary.

*Finley, Etheridge & Knight,* for appellant.—Appellant seasonably presented his motion to quash the information and complaint exhibited against him, among other things, "because they charge the defendant with the commission of no offense known to the laws of the State of Texas." Said motion was, on July 10, 1900, presented to the court and overruled.

The ninth ground of appellant's motion for a new trial challenged the correctness of the ruling of the court below upon his motion to quash. Appellant duly perfected his appeal and now here prosecutes the same.

The court erred in refusing to sustain defendant's motion to quash the complaint and information. The order of the commissioners court set forth in the complaint and in the information exhibited against appellant herein was absolutely void, and the court below committed fundamental error in not so holding, in that in said complaint and information it is charged that said commissioners court "entered its order declaring the result of such election and absolutely prohibiting the sale of intoxicating liquors within said commissioners precinct;" in that it was not competent for said commissioners court to enter an

order "absolutely prohibiting the sale of intoxicating liquors" within the prescribed limits, except for the purpose and in the regulation specified in title 69 of the Revised Statutes of 1895.

Both the complaint and the information charge that "the commissioners court of said county * * * entered its order declaring the result of such election and absolutely prohibiting the sale of intoxicating liquors within the said commissioners precinct." Steel v. State, 19 Texas Crim. App., 425; Rev. Stats., 1895, arts. 3385, 3390.

It is not competent for the commissioners court to absolutely prohibit the sale of intoxicating liquors within any prescribed limits, but must except from the order sales for the purpose and under the regulations specified in article 3385. From the allegations of the complaint and information exhibited against appellant it appears that the Commisioners Court of Midland County, in excess of the authority conferred upon it by law, entered an order without exception, limitation, qualification, or reservation, "absolutely prohibiting the sale of intoxicating liquors" within the precinct in question.

It is respectfully submitted that the order of the commissioners court pleaded is void, and that therefore neither the complaint nor the information charged any offense, and that for this reason the judgment of the court below is fundamentally erroneous and should be here reversed and the prosecution dismissed.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.— In his brief appellant's sole contention is that the court should have quashed the complaint and information, because it alleges "the commissioners court of said county had duly made * * * its order declaring the result of such election, and absolutely prohibiting the sale of intoxicating liquors within said commissioners' precinct, as required by law," etc. The contention is that the commissioners court had no authority to absolutely prohibit the sale of intoxicating liquors in their publication and declaration of the result.

The State submits the order declaring local option is not invalid because it fails specially to recite the exception under which intoxicants might be sold, viz., for medicine and sacramental purposes. The law engrafts these exceptions, and it is not necessary that the order should allude to the matter. Chapman v. State, 37 Texas Crim. Rep., 167; Bruce v. State, 36 Texas Crim. Rep., 53; Rev. Stats., arts. 3385, 3390.

By bills numbers 2, 3, and 4, appellant brings in question the regularity of the local option election, publication of the orders, etc. All these matters have been decided adversely to appellant's contentions, and it is not necessary here to elaborate thereon. Truesdell v. Bryan, 60 S. W. Rep., 60.

He also contends that as the county judge, Bryan, had been a party to the contest suit, he was disqualified as sitting as judge on the trial herein.

Article 606, Code of Criminal Procedure, provides: "No judge or

justice of the peace shall sit in any ·case where he may be the injured party," etc.    This article does not bring the county judge within the exceptions there enumerated.    He does not appear to be the injured party, and appears to have been only a nominal party.    Code Crim. Proc., art. 606; White Ann. Code Crim. Proc., sec. 649; Clark v. State, 23 Texas Crim. App., 260.

BROOKS, Judge:—Appellant was convicted for violating the local option law, and his punishment assessed at a fine. of $25 and twenty days confinement in the county jail.

In his brief, appellant contends that the court should have quashed the complaint and information because it alleges "that the commissioners court of said county had duly made    *   *   *   its order declaring the result of such election, and absolutely prohibiting the sale of intoxicating liquors within said commissioners precinct, as required by law," etc., appellant's contention being that the commissioners court had no authority to absolutely prohibit the sale of intoxicating liquor in their order of prohibition and declaration of the result.    We have heretofore held that it does not invalidate the order putting local option in force if it fails to recite the exceptions under which intoxicants might be sold, to wit, for medicinal and sacramental purposes.    The law engrafts these exceptions, and it is not necessary that the order should allude to the matter.    Chapman v. State, 37 Texas Crim. Rep., 167; Bruce v. State, 36 Texas Crim. Rep., 53.    Nor do we think that the mere fact that the order absolutely prohibits the sale of intoxicating liquor invalidates the order, since the Legislature did not authorize the commissioners court to absolutely prohibit the sale of intoxicating liquors, and the word "absolutely" will be treated as surplusage; and the order being within the purview and authority of the statute, will be upheld.    It follows, therefore, that the information is good and the court properly overruled the motion to quash.    Appellant's contention is that the case of Steel v. State, 19 Texas Criminal Appeals, 425, is decisive of the question.    In that case we held that the commissioners court had no power under the law to order an election to determine whether or not the gift or exchange of intoxicating liquors should be prohibited.    That is a different question from the one here.    The Constitution authorizes the local option law to prohibit a sale, and the Legislature passed laws in compliance with the constitutional provision authorizing counties and subdivisions of counties by direct vote of the people to prohibit the sale of intoxicating liquor, and the commissioners court would not have authority as indicated above, to order an election other than as provided by the Legislature.    Clearly where the election is properly held, and the quashal of the information is urged because it contains the word "absolutely" prohibit, the same must be construed in the light of the statute and legislative object and intent of the law.

The regularity of the local option election, the publication of the orders, etc., were discussed in Truesdell v. Bryan, 1 Texas Court Reporter, 40, and correctly holds that this local option election is valid.

In bill number 1 appellant complains "that Hon. E. R. Bryan, the county judge of Midland County, who tried this case, is disqualified from sitting in or trying this case, on account of being one of the contestees in the contest proceeding now pending in the District Court of Midland County, Texas, to contest the validity of the local option election under and by virtue of which election this prosecution is being had and maintained." In Clark v. State, 23 Texas Criminal Appeals, 260, we held: "The fact that the title to a schoolhouse was vested in the county judge in his official capacity, for the use of the county, could not disqualify him to preside over a trial for defacing the schoolhouse, hence the motion to transfer this case to the District Court was properly overruled." Nor do we think that the county judge as a mere formal party to an application to contest the validity of a local option law under the statute regulating such matters would per se disqualify him from trying appellant who is charged with violating the law which is being contested. See Code Crim. Proc., art. 606, and White's Ann. Code Crim. Proc., sec. 649.

Bill number 2 complains that the court permitted the orders for the local option law to be introduced in evidence in the trial of this case. The gravamen of the objection seems to be, as indicated in the bill, that appellant and various other parties had filed an application to contest the validity of the election, and had given written notice to the county judge and to two of the commissioners of their intention to contest said election, and had delivered to said commissioners and county judge a written statement of the grounds on which they relied to sustain said contest. These matters would not be any legal objection to the admissibility of the orders in this case.

In bill number 3 complaint is made that the State offered in evidence, for the purpose of showing why the order declaring the result of the local option election was not published for four successive weeks after the date of said order, the order of the district judge granting a temporary injunction restraining the publication of said order, and the order of said judge dissolving said temporary injunction. To the introduction of this evidence defendant objected, for the reason that the granting of said temporary injunction was illegal, and afforded no legal excuse for the failure to publish the order declaring the result of said election for four successive weeks, as required by law; and further objected to the introduction of said orders without introducing the pleadings upon which they were based, for the reason that said orders were unintelligible without said pleadings to explain them; and for the purpose of explaining said orders, as a part of the record in connection with said orders, defendant offered in evidence the pleadings upon

which said orders were based. The court overruled defendant's objection to the introduction of said orders, and permitted them to go to the jury and refused to permit defendant to introduce in evidence the pleadings upon which the orders were based. There was no error in the rulings of the court. The State had a right to introduce the order granting the temporary injunction restraining the publication of said local option election; and also had a legal right to introduce the order of the judge dissolving said temporary injunction. The pleadings upon which these orders were predicated were not material evidence, nor calculated to throw any light upon the proceedings, and hence the court did not err in refusing to admit the same. In McDaniel v. State, 32 Texas Criminal Reports, 16, we held that, on a trial for violating the local option law, where it appeared after the order declaring the result of the election had been published for three successive weeks, an injunction was sued out restraining and prohibiting its further publication, and after the dissolution of said injunction, the order was published for another week, that the publication was sufficient and for four successive weeks in contemplation of the statute. Then it follows that the State would have the right, as indicated above, to introduce the reason for failing to publish the order for four successive weeks as contemplated by the statute, and the injunction would be sufficient legal reason for not so doing.

We have carefully reviewed appellant's other assignments, and find no error authorizing a reversal. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]