FRANK McDUNN, Appellant, v. A. R. ROUNDY et al., Appellees

**SCHOOLS AND SCHOOL DISTRICTS: Directors—Validity of Election.**
An election of school directors is not rendered invalid by the naked fact that such election was conducted by *two* judges instead of *three* judges, as commanded by statute.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

FEBRUARY 15, 1921.

REHEARING DENIED JUNE 25, 1921.

ACTION to enjoin defendants from issuing and selling bonds of the consolidated independent school district, on the ground

that the election at which defendant directors were chosen was void, because such election was held by two judges instead of three. Injunction was denied, and plaintiff appeals.—*Affirmed.*

*Robertson & Havens,* for appellant.

*Roadifer & Roadifer,* for appellees.

Arthur, J.—On July 16, 1919, the Consolidated Independent School District of Douglas Township, Harrison County, Iowa, was legally organized and established by a vote of the electors within its territory. Afterwards, on August 4, 1919, an election was held in said district, for the purpose of electing the first board of directors, to complete the organization of the district, at which election the defendants A. R. Roundy, Pearl Lyman, J. A. Seamans, L. A. Clark, and H. E. Yount were elected directors, unless said election was a void election, and consequently did not result in the election of said defendants as directors. Afterwards, an election was held in said district, at which a bond issue of $100,000 was authorized, for the purpose of building a schoolhouse and equipping it.

Involved in this action is the question whether the election so held for the election of directors was a valid election: that is, whether the defendants A. R. Roundy, Pearl Lyman, J. E. Seamans, L. A. Clark, and H. E. Yount are the duly elected directors of said consolidated independent school district.

Appellant's claim is that the election so held for the election of directors was not conducted according to the provisions of Chapter 149, Acts of the Thirty-eighth General Assembly, in that the election was held by two judges, instead of three judges. Plaintiff seeks to enjoin the defendants, who claim to have been elected directors, from issuing the bonds which were authorized by a vote of the electors of said district, for the reason, as appellant claims, that said defendants are not the duly elected directors of the district, and any bond issue they might make or negotiate would be void.

The election in question was called by the county superintendent, and notice of the holding of the election was given, as provided by the statute, and judges of the election were ap-

pointed by the county superintendent, as provided by the statute. The judges so appointed were Roy Towne, Pearl Lyman, and Ed Yeager. Towne and Lyman appeared at the time and place appointed for holding the election. Yeager did not appear, and did not act as a judge. It is provided in said act:

"If any judge fails to appear at the proper time his place shall be filled by the judge or judges present."

Towne and Lyman did not appoint the third judge in the place of Yeager, who failed to appear, and proceeded to hold the election without appointing a third judge in the place of Yeager. It is stipulated that the consolidated independent school district was duly and legally organized and established, and it is also stipulated that the proposition authorizing an issue of bonds, as provided by law, had been voted upon and carried at an election held in the district. No claim is made in this record, and there is no evidence submitted by the plaintiff, tending to show that said election for the election of directors was not a fair and honest expression of the will of the voters of the district, and there is no claim or showing that the failure of Yeager to appear and act as a judge, and the holding of the election by the other two judges appointed by the county superintendent, without appointing a judge in the place of Yeager, in any way affected the result of the election, or resulted in prejudice to the rights of anyone.

The proposition is clear, and there is no dispute as to the facts upon which it is to be determined. It is conceded that the election was held by two of the judges appointed by the county superintendent, and that these two judges held the election without complying with the provisions of the act as to the appointment of a third judge. The question presented and to be determined by this court is whether or not the failure to appoint the third judge, and the holding of the election with two judges, instead of three, where no prejudice resulted to any of the rights of the electors of the district, and where it is not claimed that other and different results would have followed, had the election been held by three judges, as provided in the act, instead of two, constitute such a variance from the terms of the statute as will vitiate the election, and render the same absolutely invalid and of no effect, so that there was, in fact, no election, and those

of the defendants who have assumed to act as directors, by virtue of said election, never became duly elected, and are not now the directors of said school district.

Counsel for appellant take the position, and ably argue, that the question upon which the cause must be decided is whether the statute involved is mandatory or merely directory, and they urge that the statute is purely mandatory. Upon this premise, they insist upon the rule announced in *City of Newton v. Board of Supervisors,* 135 Iowa 27, 30, that:

"The uniform rule seems to be that the word 'shall,' when addressed to public officials, is mandatory, and excludes the idea of discretion."

There is no question but that the rule announced in the *Newton* case and other similar cases cited by appellant is a correct rule of law to obtain in such cases. But is such rule applicable to the case before us? We think not. In the *Newton* case, direct attack was made on the refusal of the officers to comply with the mandatory "shall" of the statute. In the instant case, there is no direct attack upon the acts of the two judges, in holding the election without the third judge. The attack is on the result of the election held by the two judges only. It would be a different attack if mandamus had been brought to compel the appointment of the third judge, or if injunction had been instituted to restrain the two judges from proceeding with the election without a third judge. Such attacks would be direct attacks. In the instant case, only the result of the election held is attacked. This statute is mandatory in form, and would be held to be mandatory in a direct attack upon the refusal of the two judges to appoint a third judge; but when the two judges have proceeded with the election, and the validity of the election is called into question, without any prejudice shown, simply on the ground that the third judge was not appointed, it becomes, in effect, directory.

Every statute prescribing the time and manner and method of holding elections is, of necessity, so worded that it is mandatory in form. Such a statute could not, of course, be worded in any other way. In 25 Ruling Case Law 773, on the subject of election laws, it is said, in substance, that, while the provision of an election law may be mandatory when the question is directly

raised in some proceeding demanding that the provision should be complied with, or in some proceeding asking that an officer be required to perform some act which he refuses to perform, it should not be held to be mandatory in a case where the effect of giving a mandatory construction to the provision is absolutely to disfranchise the voters of the district, and when no question is made that their will has not been fully, fairly, and honestly expressed at the polls. Supporting, see *Stackpole v. Hallahan,* 16 Mont. 40 (40 Pac. 80, 28 L. R. A. 502).

The general rule seems to have been adopted by many of the jurisdictions of this country, and has the great weight of authority upholding it. The true rule, as thus adopted, is that mere irregularity in conducting an election does not vitiate such election and render the same a nullity, unless some prejudice or injustice is shown to have resulted therefrom. Applying this rule to similar cases, the failure to hold an election with the required number of judges is an irregularity only, and does not vitiate the election.

The exact question here presented has not been before this court, so far as we have discovered. However, this court has had occasion to discuss the principle here involved, in election cases, where the validity of elections was challenged because of irregularities and departures from strict observance of provisions of statutes. In an early case, *Dishon v. Smith,* 10 Iowa 212, where it was sought to have an election adjudged void on the ground, among other reasons, that proper notice was not given—or no notice—of filing a petition for the election, and that notice of holding the election was not given as provided by statute, the statute being mandatory in form, and that, consequently, there was no jurisdiction for the election, we find this rule announced:

"In matters of such a public nature, the observance of each particular is not held a prerequisite to validity. And it is a general rule of law that statutes directing the mode of proceeding of public officers, relating to time and manner, are directory. *People v. Cook,* 14 Barb. (N. Y.) 261, 290; *Marchant v. Langworthy,* 6 Hill 646; *People v. Peck,* 11 Wend. 604. But this proposition is not applicable when the statute uses negative words, restricting the action, or when there is something plainly showing a different intent. But there is a peculiar fitness in the

rule when applied to popular elections, in which case we may consider the character of the duties and of the men necessarily chosen to perform them. These are usually men not instructed in their duties, nor in nice forms and distinctions. Many of their duties, too, are to be performed in haste and amidst confusion, and without opportunity for deliberation.''

The above quotation from the *Dishon* case is an expression of this court that mere failure to comply strictly with the statute in holding an election does not, of itself, render the election void. The doctrine announced in the *Dishon* case has been adhered to in *Independent School Dist. v. Independent School Dist.*, 153 Iowa 598, and *Younker v. Susong,* 173 Iowa 663.

There seems to be some conflict in the authorities as to the validity of an election held by less than the number of judges required by the statute. But upon a review of the cases, we think that, by the greater weight of authority, the general rule is that the failure to have the required number of judges is an irregularity only, and does not, of itself, render the election void. Supporting this rule, see note to *Hughes v. Roberts,* Ann. Cas. 1912 D, 148. The *Hughes* case holds otherwise. See, also, *Murphy v. City of Spokane,* 64 Wash. 681 (117 Pac. 476) ; *Chapman v. State,* 37 Tex. Cr. Rep. 167 (39 S. W. 113) ; *State v. Stumpf,* 21 Wis. 586; *Fragley v. Phalen,* 126 Cal. 383 (58 Pac. 923).

In *Murphy v. City of Spokane,* supra, wherein the statutes required the appointment of two judges and one inspector for each precinct, and the required number did not act at the election, such election was held valid. The court said :

''The purpose of an election, whether for men or for measures such as the one before us, is to give effect to the voice of the people; and when the people have spoken, their verdict should not be disturbed by the courts, nor the election in which they have voiced it held void, unless it is clearly so. Every election should be carried on under certain rules and regulations adopted by the law-making power to prevent disorder and to afford an opportunity for the expression of the popular will and an ascertainment of the result with certainty. Such rules, however, are generally held to be directory merely, and not so mandatory or jurisdictional in their character as to defeat an election in which they are not wholly observed. * * * Neither is it essential to the

validity of an election that all the election officers be present at all times during the receiving of the ballots; the absence of one or more of them being held to be an irregularity not affecting the result.''

In *Chapman v. State,* supra, it appears that the local option election was conducted by a smaller number of officers than is required by a statute mandatory in form. The election was held not to be void on account of such irregularity. The court said:

''There is no suggestion in this record that the election was not fair; that any voter was deprived of the right to vote; or that the result was not in favor of local option. It is not suggested or questioned that three judges and two clerks performed all the duties required under the general election law, as prescribed for the eight officers. The simple question is that, as there were but two judges, and two clerks assisting the presiding judge, and not three judges and four clerks, as required by the general election laws, was the election void? We are of the opinion that it was not. The authorities are conflicting upon this question. * * * Statutory regulations for conducting elections are directory, and not jurisdictional, in their character, the main object of such laws being to afford all persons entitled to vote the right of exercising the elective franchise, and prevent illegal voting, and ascertaining with certainty the true number of votes cast, and for whom.''

In *State v. Stumpf,* 21 Wis. 586, it appears that the election was conducted by two inspectors and two clerks, instead of by three inspectors, as provided by statute. The court held the election valid, and said:

''Our statute undoubtedly contemplates that each election board shall be composed of three inspectors and two clerks, and such reasonable and proper requirements of the law ought not to be disregarded. But if these statutory regulations are not complied with, and the board is composed of only two inspectors, what is the consequence? Does the irregularity vitiate and destroy the election at such poll? It appears to us not, and that those provisions of the statute in regard to the number of inspectors and the manner of organizing the board are, in the main, directory in their character, and not imperative.''

It is the opinion of this court that the irregularity com-

plained of, namely, the holding of this election by two judges instead of three, as by the statute provided, will not vitiate the election and render it void; and that the members of the board of directors chosen at the election are the duly elected directors of the district   The decree and judgment of the lower court are— *Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.