## ONES JACKSON v. THE STATE.

No. 14618.  Delivered March 23, 1929.

188

The opinion states the case.

*E. T. Miller,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

The indictment alleged the sale to have been made to one L. A. Goetz. The alleged purchaser testified that about ten-thirty o'clock on the morning of September 13th he purchased a pint of whisky from appellant and paid him $2 therefor, and that he delivered this pint of whisky to the sheriff, Mr. Haliburton, some time after noon on the same day. Appellant denied the transaction and claimed that he was at a home, several miles in the country, at the time the sale is claimed to have been made in town. He introduced a number of witnesses supporting the claim that at the time of the alleged sale he was not at the place testified to by the purchaser. This issue was properly submitted to the jury whose finding was in favor of the state.

Nine bills of exception are found in the record. Bills 1, 3, 4, 6, 7, 8 and 9 complain of certain questions which were asked the witness Goetz and the witness Haliburton by the district attorney. We observe nothing objectionable in the several questions set out in the bills. The objections are not directed at the form of the questions, but the complaints appear to have been at the evidence which the questions were calculated to elicit. However, in not a single instance do any of the seven bills mentioned state what answers, if any, were given in response to the questions asked. Manifestly, the bills are incomplete. A bill of exception is defective if it fails to set out the evidence admitted over objection. See Chapman v. State, 37 Texas Crim. Rep., 173, 39 S. W., 113, and the cases annotated in the 4th subdivision of section 210, Branch's Ann. Tex. P. C.; Tex. Jur., vol. 4, sec. 221; Barker v. State, 109 Texas Crim Rep., 67, 2 S W. (2d) 851.

Bill of exception No. 2 reflects that in the cross-examination of the state's witness Goetz he was asked by counsel for appellant if he was "Just a gun toter?" to which the witness replied, "You can call it that if you want to," and then counsel for appellant asked the following question, 'Well, that is what you were;—were you a gun toter, or not?" To which question the state objected and the court ruled as follows: "You need not answer that question;—that is a question for the jury." We can not ascertain from the bill whether the exception was directed at the ruling of the court in failing to permit the witness to answer the last question mentioned, or whether it was to the statement the court made in ruling on the question. If the exception goes to the failure to permit the wit-

ness to answer the question then the bill is defective in not setting out what answer was expected. See Tex. Jur., vol. 4, sec. 219, and many cases collated thereunder, among them being Rowan v. State, 97 Texas Crim. Rep., 130, 260 S. W., 591. If it is intended by the bill to except to the remarks of the court we fail to see how it could in any way have injured appellant, or how it violated the statute inhibiting comment by the court upon the weight of the evidence in ruling upon the admissibility thereof. Article 707, C. C. P. The statement of facts shows that the witness Goetz stated upon cross-examination that he had never arrested anybody from whom he had bought whisky, but that he did carry a gun.

Bill of exception No. 5 complains because upon direct examination of Sheriff Haliburton the district attorney proved by him that when the witness Goetz started to work for him he gave Goetz a commission as a deputy sheriff. We observe no error in permitting such proof. The record shows that Goetz had been employed by Haliburton at an agreed salary of $100 per month, and that at the time of such employment the sheriff issued to Goetz a commission as deputy sheriff. Before this evidence was elicited from the sheriff appellant had placed the same fact in the record during his cross-examination of the witness Goetz.

It appears from the record that when the case against appellant was called he made a motion requesting the court to stand aside twelve men on the jury panel for the week who had previously sat upon a case against his brother, Oren Jackson, in which the same witness Goetz had testified, claiming also to have bought liquor from Oren Jackson. The motion was overruled. In explanation of his ruling the court says that appellant's counsel examined and tested the jurors; that all of them answered that they had not formed any opinion as to the merits of the present case and had no bias or prejudice therein, and would in no way take into consideration or permit the fact that Goetz had testified in the other case, to affect their verdict in the present case; that upon this statement the court overruled appellant's motion to dismiss the jurors who had sat in the case against Oren Jackson. The court further says the present case was not a companion case to that of Oren Jackson and did not involve the same alleged sale of whisky, but was an entirely different transaction at a different time and place to that involved in the Oren Jackson case. We have not been favored with a brief for appellant, and are left in ignorance as to whether he is claiming that the matter as it appears in the record presents error. No formal bill of exception brings the question forward, but appellant's motion, and the court's ruling thereon, together with his explanation therefor, is referred to as a bill. If it be so regarded then it falls short of exhibiting any reversible error because there is nothing which advises this court that any of the jurors at whom the motion was directed did in fact sit on the jury, and that appel-

lant could not prevent this because his peremptory challenges had been exhausted. The effect of appellant's motion was a challenge for cause to the twelve jurors who sat in the Oren Jackson case. If the court was in error in not sustaining such challenge (which is not admitted nor discussed) the point is not presented here in a manner calling for review. Error in overruling a challenge for cause will not be reviewed unless the peremptory challenges were exhausted, and thereafter an objectionable juror was forced upon accused. For collation of authorities see Vernon's Ann. Tex. Crim. Stat., vol. 2, C. C. P., art. 614, note 3, Branch's Ann. Tex. P. C., sec. 543.

The judgment is affirmed.

*Affirmed.*