### R. ·M. SNEAD v. THE STATE.

No. 1379. Decided February 22, 1899.

**1. Local Option Election—Officers of Election.**

An irregularity in failing to have the same number of officers to hold a local option election as are required by the general election laws does not invalidate the election, unless such irregularities prevented a fair expression of the will of the qualified voters at said election; and it must appear that the election would have resulted differently had not such irregularities occurred.

**2. Same—Irregularities in Holding Election—Burden of Proof.**

The burden of proof is upon the defendant to show that irregularities in the holding of a local option election prevented a fair expression of the will of the qualified voters, and thereby invalidated the election.

**3. Local Option—Physician's Prescription—Charge of Court.**

Where a party is indicted under Penal Code, article 402, for violating local option, if he has a regular prescription certified by a physician, as provided by law, the same would be a valid defense to the sale whether the prescription was "canceled" or not; and in such case it is error for the court to instruct the jury that defendant could not avail of such defense unless he had indorsed the word "canceled" on the prescription. The provisions of Penal Code, article 404, did not apply to the case as charged in the indictment.

Appeal from the County Court of Denton. Tried below before Hon. I. D. Ferguson, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement necessary.

*Bates & Roark*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail, and he appeals.

The first error complained of by appellant in his motion for new trial is with reference to the following charge of the court: "An irregularity, such as failing to have the number of election officers to hold said election as required by the general election law, would not invalidate or make void said election, unless such irregularity prevented a fair expression of the will of the qualified voters at said election; and it must appear from the evidence that said election would have probably resulted different, had not such irregularities occurred. The court charges you that the burden of proof to establish facts and circumstances tending to show that said irregularities prevented a fair expression of the will of the qualified voters, to the extent of invalidating the election, rests upon the defendant; but the jury may take into consideration all the facts and circumstances before you in evidence, in determining the legality of said election." Appellant complains that the "charge instructs the jury that the burden of proof is upon the defendant to show that the irregularities in holding the election resulted in preventing the voters in election precinct number five from having a fair expression of their will at such election." While it is true, as contended by appellant, that the election, in order to determine whether local option should prevail in the county or justice precinct, shall be held as elections are held under the general laws of the State of Texas, yet it has been repeatedly held that mere irregularities that do not tend or in fact show that the fair expression of the will of the people has been defeated will not defeat the election. The law deems it proper that all the directions in reference to holding an election should be complied with, and, if strictly followed, they furnish the best evidence that the election has been fairly conducted; and the burden of proof to show that it was not, either

wholly or in part, rests upon the party attacking the law. But the requirements are always treated as directory, unless the law, either expressly or in effect, makes them essential to the validity of the election. Electors must not be deprived of their votes on account of any technical objections to the manner in which the election has been held, or for any misconduct on the part of its presiding officers, if these have not affected the true result of the election. This would be to deprive citizens of a great constitutional privilege for a mere informality, and place it within the power of a few persons to defeat the right of suffrage altogether. The very means provided to secure a fair and proper election might become the instrument of fraud and dishonesty. Hence all such irregularities of the officers in the conduct and return of the election as have not prevented the electors from a free and fair exercise of the right of suffrage, from having their votes fairly estimated for the candidates of their choice, and which the law has not declared should set aside their ballots, must be treated as informalities not vitiating the election. And, where it appears that the misconduct of the officers in the particulars complained of has not prevented a fair and honest election, then such informalities will not vitiate an election; and whenever the appellant asserts that the election has been illegally held, as he does in this instance, the burden of showing that the election has not been fair and impartial is upon appellant. We do not think the court erred, therefore, in the charge complained of, but that the same is the law. Ex Parte Williams, 35 Texas Crim. Rep.; 75; Fowler v. State, 68 Texas, 35; Chapman v. State, 37 Texas Crim. Rep., 167.

Appellant's second assignment of error is "that the court erred in that part of his charge to the jury wherein he instructs the jury that the prescription which is therein defined is a valid defense to a charge of selling intoxicating liquor in a local option district, provided that the seller indorse the word 'Canceled' on said prescription; that said charge was misleading, and calculated to impress the jury with the idea that they were not authorized to acquit the defendant, if he had a valid prescription, unless he had at the time of the sale indorsed the word 'Canceled' upon the prescription." The charge complained of is as follows: " 'The above and foregoing law shall not apply to the sale of wines for sacramental purposes, nor alcoholic stimulants as a medicine in cases of actual sickness, but such stimulants shall only be sold upon the prescription of a regular practicing physician, dated and signed by him, and certified on his honor that he (the physician) personally examined the applicant (naming him) and that he finds him actually sick, and in need of the stimulant prescribed as a medicine. Provided, that a physician who does not follow the profession of medicine as his principal or usual calling, or who is in any way directly or indirectly engaged in the sale of such on his own account, or as an agent or employe or partner of others, shall not be authorized to give the prescription provided for in this article; and provided further, that no person shall be permitted to sell more than once on the same prescription, nor upon a prescription

which is not dated, signed, and certified as above required; provided, that every person selling such stimulants upon the prescription herein provided for shall cancel such prescription by indorsing thereon the word "Canceled" and file the same away.' Bearing in mind the above and foregoing instructions, if the jury find and believe from the evidence, beyond a reasonable doubt, that R. M. Snead, the defendant, did on the 1st day of August, A. D. 1896, or on any day thereafter, prior to the filing of this indictment, and after the adoption of the local option (if you find said law has been legally adopted) in said precinct No. 5 of Denton County, sell to R. M. Pile, as charged, intoxicating liquor, and that said sale was made without a written prescription, as provided in section two of this charge," etc. Section 2 of the charge instructs the jury that the prescription must be canceled, before the same could be a valid defense to the charge against appellant in this case. We do not think this is the law. The learned judge, in his charge, seems to have the penalties, as indicated in articles 402 and 404 of the Penal Code of 1895, mixed. Appellant, as indicated above, was charged with selling intoxicating liquors in violation of the local option law, and not for failing to cancel his prescription as indicated in article 404 of the Code. Appellant was indicted under article 402; hence article 404 does not apply to this case. Where a party is indicted for selling intoxicating liquor in a local option district, and he has a regular, certified prescription, certified by the physician as required by law, the same would be a legal defense to the sale, whether the prescription was canceled or not; and hence the court erred in telling the jury that appellant's right of defense was dependent upon the cancellation of the prescription.

As indicated above, we do not think there was any error committed by the court as complained of in the fourth assignment of error. We do not believe the court erred in failing to give the requested charge as complained of in the sixth assignment of error. For the error in the court's charge as indicated above, the judgment is reversed and the cause remanded.

*Reversed and remanded*

DAVIDSON, Presiding Judge, absent.