### Tom Holland v. The State.

#### No. 3701.　Decided June 5, 1907.

**Failure to File Prescriptions—Local Option—Information.**

An information based upon articles 403 and 404, Penal Code for failing to file with the clerk the prescriptions he had filled together with the affidavit attached, etc., charged an offense, and was good on motion to quash; although the prescriptions were lawfully filled.　Davidson, Presiding Judge, dissenting.

Appeal from the County Court of Hunt. Tried below before the Hon. F. M. Newton.

Appeal from a conviction for failing to file prescriptions of physicians filled in local option territory; penalty, a fine of $25.

The information, after setting out formal parts, alleged that defendant was then and there duly and legally licensed to engage in and pursue the occupation and business of selling spirituous, vinous and malt liquors and medicated liquors capable of producing intoxication, in quantities of one quart and less upon the prescription of a regular practicing physician, in full compliance with law, and at said time the sale of intoxicating liquor had been previously prohibited under the laws of said State in said county, which said laws were at said time in full force and effect, and the said T. H. did then and there engage in and pursue said occupation and business as authorized by said license, after the qualified voters of said county had at a legal election held for that purpose in accordance with law determined that the sale of intoxicating liquors should be prohibited in said county, and the commissioners court of said county and State had declared the result and legally passed an order to that effect, which order had been published as required by law, and the said T. H. had then and there executed his bond in the sum of $2,500, conditioned as required by law in order to engage in said business, which said bond was approved by F. M. N., county judge, of H. County, Texas, and the said T. H. did then and there during the month of March, 1906, and after complying with all the conditions precedent to engaging in said business and after the issuance of said license authorizing him to pursue said occupation and business as aforesaid, sell spirituous, vinous and malt liquors, and medicated bitters capable of producing intoxication in quantities of one quart and less upon the prescription of a regular practicing physician as aforesaid to the parties hereinafter named and on the dates set opposite their respective names to wit: to C. B., March 4, 1906, to H. M., March 13, 1906, to A. B., March 21, 1906, and to diverse and sundry other persons during the month of March, 1906, and the said T. H. on the 1st day of April, 1906, and before the filing of this information in the county of H. and State of Texas, did then and there unlawfully fail and refuse to file the prescriptions upon which he sold spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication during the month of March, 1906, as above set forth while engaged in said occupation and business with the clerk of the district court of H. County, Texas, accompanied by an affidavit stating that he the said T. H. had sold no intoxicating liquor other than that named in the prescriptions filed as required by article 403 of the Penal Statutes of the State of Texas against the peace and dignity of the State.

*Yates & Carpenter* and *Crawford & Lamar*, for appellant.—The court erred in overruling defendant's motion to quash the information in said cause, because the same charges no offense against the laws of

this State, in that the same does not specifically charge the offense as contemplated by the act as required by article 403 of the Penal Statutes of the State of Texas, nor does the same set out with sufficient certainty or exactness the nature of the crime intended to be charged under the law.

The said article of the Penal Statutes of the State of Texas upon which this information is based in fact attaches no penalty to the requirements or conditions thereof, but that in fact such penalty is prescribed in the following article, to wit, number 404, no reference to which is made in the information, upon which this prosecution is based.

It is a general principle of law that every offense in this State is statutory and each and every element composing the same is named in the statute creating the same and required to be charged in the indictment, in order that a conviction may properly be had thereunder. Stringer v. State, 13 Texas Crim. App., 522; Muldrew v. State, 12 Texas, Crim. App., 618; 1 Bishop's Criminal Procedure, section 611.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violation of the amended act of 1903, pages 55 and 56, which requires parties selling intoxicants on prescriptions in local option territories, to file with the clerk on the first day of the succeeding month all prescription filled by the seller during the previous month, and the direct charge is that appellant failed and refused to file with the proper clerk prescriptions that he filled during the month of March, 1906.

The information is attacked upon the theory that it charges no offense against the laws of the State. It does not charge a violation of the local option law as was expressly decided in the case of Snead v. State, 40 Texas Crim. Rep., 262. So the question here is whether or not appellant could be convicted for failing to file with the district clerk on the first of April the prescriptions that he had filled during the previous month of March, together with the affidavit attached as required by the terms of articles 403 and 404. It is admitted in the statement of facts that the prescriptions were lawfully filled, and in this respect there was no violation of the law. The majority of this court are of the opinion that appellant can be punished for failing to file the prescriptions accompanied by the affidavit mentioned in said article 403. The writer, however, is of a different opinion. Failing to file the prescriptions with the clerk is not a violation of the local option law; therefore, a party could not be charged with violation of the local option law under the facts stated. As the writer understands article 16, section 20, of the Constitution, it only authorizes the Legislature to pass laws prohibiting the sale of intoxicants in local option territory, and unless there is a sale in violation of the law that local option law has no application. The constitutional provisions in regard to this matter are the only authority which justifies local option legisla-

tion, and the provisions of the Constitution limit and set the boundary through legislative action. It has been held that an act of the Legislature which authorizes the sale of wine for sacramental purposes, and intoxicants for medicinal purposes is not violative of the Constitution, and that the Legislature had the right and authority to limit sales in these matters. It has also been held that the Legislature can guard the sale of liquors in local option territory by requiring such sales to be upon prescriptions of practising physicians, but these matters are such as occur prior to and form a predicate for the sale; that the local option law has no application to a legal and proper sale where that law is in force; that it is only sales in violation of the local option law that can be subject to punishment, but here we have an admitted legal sale on prescription by a party who had paid his license and had in all respects conformed to the law of all matters leading up to and including the sale. Then we have a clear cut proposition that a party can be punished for failing to file with the clerk prescriptions upon which legal sales occurred, although he has sold in strict conformity to the terms of the local option law, and had conformed his acts to all the requirements up to and including the sale. The writer is of the opinion that the Legislature has no authority to prescribe punishment in regard to sales before or after said sale when the sale has been accomplished in strict accord with the law, and that any subsequent act of the seller could not furnish a reason for his conviction, if the proof shows, as it does in this case, that the sale occurred strictly under the terms of the law. The writer does not understand how a man could be punished for a violation of the local option law, or any law that depends upon the local option law, when he had strictly complied with all the technical requirements of the law itself, including the sale. My brethren, however, do not agree to this proposition, and they hold that the requirements of the Legislature, on the part of the party selling under prescription and license, must file his prescriptions with the clerk, is a regulation which the Legislature had a right to prescribe under the local option law, and to fix a punishment for disobedience. Under the opinion of the majority, this judgment will be affirmed.

*Affirmed.*