### W. E. McElroy v. The State.

No. 1898. Decided October 19, 1898.

1. **Local Option Stock Law.**

Where the people of a county have under existing law put into operation by their votes in said county the local option stock law, authorizing a party by civil remedy to impound all stock trespassing upon his property, the owner of stock can not be convicted and punished under a subsequent statute making it a misdemeanor punishable by fine to permit stock to run at large in such local option territory.

**2. Same—Election as to Stock Local Option.**

Where the petition for an election under the local option stock law was to determine whether "hogs, sheep, and goats" should be prohibited from running at large, and the order for the election stated that it was to determine whether "hogs, sheep, or goats" should be prohibited from running at large, Held, the order was in the alternative and the election void for uncertainty as to whether it was intended to prohibit the running at large of one or all kinds of said stock.

APPEAL from the County Court of Cherokee. Tried below before Hon. S. B. BARRON, County Judge.

Appeal from a conviction for violating the local option stock law; penalty, a fine of $25.

No statement necessary.

*J. A. Bulloch* and *Weeks & Fleager,* for appellant.

*L. D. Guinn,* County Attorney of Cherokee County, and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for unlawfully and willfully turning out, and causing to be turned out, on lands not his own, and for failing to keep up, certain hogs, and allowing them to trespass upon the lands of another, in Cherokee County, after the local option stock law had been put into operation in said county by a vote of the people of said county. The statute under which the law was put into operation authorized the party whose property was trespassed upon to impound the stock so trespassing. Such was the law when the people of said county voted it into existence. This law went into effect in Cherokee County on the 5th of April, 1897. By an Act of the Twenty-fifth Legislature (page 112), which went into operation in August, 1897, it was made a misdemeanor to willfully permit said stock to run at large in such local option territory, punishable by a fine of not less than $5 nor more than $50. It is urged by appellant that, if the Legislature had the authority to pass such law, it could not become operative in the territory where the law was then in existence; that a violation of the law as voted by the people was not punishable by fine, nor was it made a violation of the law for them to turn out their stock; that the only redress under such state of case was a civil remedy. Without going into the question, or the reasons for the decisions, further than as stated in former opinions of this court, we believe this position is sound. See Dawson v. State, 25 Texas Crim. App., 670; Robinson v. State, 26 Texas Crim. App., 82; Lawhon v. State, 26 Texas Crim. App., 101.

It is further contended by appellant that the election was void because the order of the court directing the election was to determine whether "hogs, sheep, or goats" should be prohibited from running at large in said county, whereas the petition was to determine whether "hogs, sheep, and goats" should be prohibited from running at large in said county. But, as submitted and voted upon, it would seem that they voted in the

alternative; and therefore it is impossible to determine whether they intended to prohibit the running at large of one or all kinds of said stock. It therefore appears that this point is well taken. The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

HURT, Presiding Judge, absent.