JESSE ROBERTSON v. THE STATE.

No. 2540.     Decided November 19, 1902.

**Hog Law—Order for Election—Construction of Statute.**

Under the provisions of Revised Statutes, article 4981, an order for a hog law election, made by the commissioners court at the same term of court at which the petition for said election was filed, is invalid, and an election held by virtue of such an order is void. The election order must be made at the next regular term of the commissioners court, after the petition is filed.

Appeal from the County Court of Lamar. Tried below before Hon. Wm. Hodges, County Judge.

Appeal from a conviction of violating the hog law; penalty, a fine of $5.

No statement necessary.

*E. W. Fagan,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the hog law, alleged to have been in operation in precinct No. 4 of Lamar County, and his punishment assessed at a fine of $5; hence this appeal.

The only question that we need consider is as to whether or not the hog law was legally passed in said precinct. The several bills of exception show that the Commissioners Court of Lamar County, at which the order was made authorizing an election on the hog law in said precinct, met on the 13th day of August, 1900; that the application for said election was filed on the 13th of August, 1900, after said commissioners court was in regular session; that the same was acted on and the election ordered on August 14, 1900, the succeeding day. Article 4981, Revised Civil Statutes, provides as follows: "Upon the filing of such petition, the commissioners court at its next regular term thereafter shall pass an order directing an election to be held throughout the county or the particular subdivision thereof as the case may be on a day to be designated in the order, not less than thirty days from the date of said order," etc. We construe this article to only authorize the making of the order at the next regular term of the commissioners court thereafter; that is, after the filing of the petition. A petition filed during the term can not be acted on at that term, because it is not the next succeeding term after the filing thereof. This language appears to be mandatory, as prescribing the time when the petition can be acted on. It was accordingly not competent for the court make the order for the election at the same term the petition was filed. Boone v. State, 10 Texas Crim. App., 418; Curry v. State, 28 Texas Crim. App., 475; Lipari v. State 19 Texas Crim. App., 431. In all the cases cited, the question involved the local option law, but they announce the correct legal principle applicable to this case. In the last case cited, the court recognized a distinction between "session" and "term." The statute construed read as follows: "It shall be the duty of the court at its first regular session after the filing of such petition with the clerk thereof, to order an election," etc. Rev. Stats., 1895, art. 3386. The court said, "If the word 'term' had been used and the regular term of the court had expired without a session after the filing of the petition, then the petition could not be acted upon according to the strict letter of the law at a subsequent term." The court holds, however, that "session" and "term" not being convertible or synonymous, it was competent in that case for the court to act upon a petition filed during the

term at its first regular session after the filing of such petition. In this case the language is explicit, and evidently requires the petition to be filed before the beginning of the term at which it is to be acted on.

The judgment of the lower court is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*