## W. P. NEAL v. THE STATE.

### No. 3566. Decided May 22, 1907.

### 1.—Local Option—Petition—Commissioners Court—Order of Election.

Where the order of the commissioners court itself recited that there were 250 petitioners, there being several separate petitions, which the court evidently considered together, there was no error, as the court had the right of its own motion to order the election.

**2.—Same—Voting Box—Voting Place—Election Laws.**

In local option cases, the local option election law, with reference to giving notices, applies instead of the general election law, but both methods with reference to giving notice may be pursued, and where the posting of five copies of the order for the election for the time and manner required by law was had, the election will not be vitiated because also other modes were pursued. The terms voting box and voting place are of similar import.

**3.—Same—Commissioners Court Declaring Result of Election—Intoxicants.**

Where the order of the commissioners court to hold a local option election recited that it was held to determine whether or not the sale of intoxicating liquors should be prohibited in certain territory, and the order declaring the result of the election stated that it prohibited the sale of intoxicating liquors in said territory, a recitation in the latter order, with reference to opening the polls and counting the votes of said election that the same determined the sale of spirituous vinous and malt liquors, was controlled by the order of the election itself and that declaring the result which in a broader sense included the sale of all intoxicating liquor.

**4.—Same—Special Session of Commissioners Court—Counting Votes—Declaring Result—Presumption—Publication.**

Upon a trial for a violation of the local option law, it was not necessary that the order declaring the result of the local option election should itself show that it was made at a special session of the commissioners court; in the absence of proof to the contrary it will be presumed that all things were rightly done. Nor was it necessary for such order to show that notices of election had been posted; nor did the order of publication by said court, nor the fact that the county judge certified to more than he was required to certify to, vitiate the order.

**5.—Same—Charge of Court—Publication—Posting Notices—Burden.**

Where the orders of the court showed a legal election and the result in favor of prohibition, they were sufficient to put local option into effect and the court was authorized to so instruct the jury; nor was it incumbent on the State to introduce parol evidence of the publication or posting of notices for the election. The burden in this respect was upon the defendant.

**6.—Same—Rules of Club—Sending for Whisky.**

Upon a trial for a violation of the local option law, where the evidence did not show that any whisky was sent for but that the prosecutor joined the club and got his whisky immediately, there was no error in the refusal of the court to permit a witness on cross-examination by the defendant to state the rules of the club in sending for whisky.

Appeal from the County Court of McCulloch. Tried below before the Hon. C. A. Wright.

Appeal from a conviction for a violation of the local option law; penalty, a fine of $75 and forty days confinement in the county jail.

The opinion states the case.

*A. G. Walker* and *Roy L. Walker,* for appellant.—There is no law providing for an election to determine whether the sale of *spirituous, vinous* and *malt* liquors should be prohibited; and there being no evidence of any notice of election, or what kind of an election had been held, except the recitals in said order of the commissioners court, it is presumed to be correct, and said recital conclusively shows that said election was unauthorized by law and void. Const. art. 16, sec. 20; Steele v. State, 19 Texas Crim. App., 425; Holley v. State, 14 Texas Crim. App., 505; Ex parte Beaty, 21 Texas Crim. App., 426; Ninenger v. State, 25 Texas Crim. App., 449; Willis v. Owens, 43

Texas, 41. On question of publication and certificate of county judge: Ex parte Conley, 8 Texas Ct. Rep., 197; McGovern v. State, 14 Texas Ct. Rep., 369; Chenowith v. State, 16 Texas Ct. Rep., 695; Carnes v. State, 17 Texas Ct. Rep., 526; Silvey v. State, 17 Texas Ct. Rep., 528; Smith v. State, 19 Texas Crim. App., 444; Boone v. State, 10 Texas Crim. App., 418; Donaldson v. State, 15 Texas Crim. App., 25; Ex parte Kramer, 19 Texas Crim. App., 123; Lively v. State, 7 Texas Ct. Rep., 189.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of publication of order and certificate of county judge: Roberts v. State, 30 Texas Crim. App., 291.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law; and prosecutes this appeal.

Appellant reserved a number of bills of exception to the local option law as introduced by the State; he insists that the court erred in admitting the order for the election on the ground that the petition showed that two hundred and fifty voters asked for the election; that there were a number of petitions under separate heading; that because these were attached together it did not make them one petition. We do not believe there is anything in this contention. The order itself recites that there were two hundred and fifty petitioners, and evidently the court considered the attached petitions as one, which it had a right to do. Indeed, the commissioners court could have, of its own motion, ordered the election. Nor is there anything in appellant's contention that the order authorized the voting at *boxes* instead of places; so far as the meaning of these terms are concerned they have a similar import, and no voter was deceived by the use of the word "voting box" instead of "voting place." We have heretofore held that the local option election law, with reference to giving notices, applied instead of the general election law, but we have not held, nor will we hold, that because both methods were pursued that, therefore, the notice was illegal. The posting of five copies of the order for the election for twelve days prior to the election at five different places is the notice required by the law, and the fact that this mode was pursued would not vitiate the election, because also other modes were pursued.

Appellant objected to the introduction of the order declaring the result, because he says in a portion of said order the following recitation occurs: "On this 22nd day of March, 1905, came on to be considered the opening of the polls and counting the votes cast at the special election held on the 11th day of March, 1905, to determine whether or not the sale of spirituous, vinous and malt liquors, shall be prohibited in McCulloch County, Texas." It is strenuously insisted that this recitation renders null and void the entire election on the ground that it shows the court ordered an election prohibiting

the sale of *spirituous, vinous and malt liquors,* the insistence being that the court was only authorized to order a vote on the prohibition of the sale of intoxicating liquors; that spirituous, vinous and malt liquors may or may not be intoxicating, and the court cannot order an election prohibiting the sale of such liquors. If from this recitation it was evident that the order for the election was to prohibit the sale of *spirituous, vinous* and *malt* liquors, a serious proposition would be presented. However, this is not the order for the election itself, but a recitation merely of what had been previously done as a preliminary step to the action of the commissioners court in counting the vote and declaring the result. The order of the court with which this preliminary recitation is connected corrects this erroneous recitation. It shows the total votes cast *for prohibition* and the total votes cast *against prohibition,* and it further states, "It is therefore ordered by the court that the sale of intoxicating liquors be and are hereby prohibited within the limits of McCulloch County," etc., and by recurring to the order for the election, which is contained in the preceding bill of exceptions, the order of the court, with reference to holding said election is presented, to wit: "After referring to the petition, we find the following: 'It is therefore considered by the court that said election shall be ordered. It is, therefore, ordered by the court that there shall be held as by law directed an election, same to be held in each voting box in McCulloch County, Texas, to determine whether or not the sale of intoxicating liquors shall be prohibited in said McCulloch County, Texas,'" and the order proceeds further to designate the character of ticket which shall be voted, to wit: those favoring prohibition shall have written or printed on their tickets the words "For prohibition" and those who oppose it shall have printed or written the words "Against prohibition," etc. Nor was it necessary that the order declaring the result should itself show that it was made at a special session of the commissioners court held for the purpose of opening the polls and counting the votes and declaring the result of the election. In the absence of proof to the contrary, it will be presumed that all things were rightly done, and that same was made at a special term of the commissioners court. Nor was it necessary to show in the order declaring the result that notices of election had been posted. The fact that the commissioners court ordered the publication in some newspaper for four successive weeks, though not necessary, did not vitiate the order; and the fact that the county judge certified to more than he was required to certify to did not vitiate the order. His certificate shows that he selected the paper in which the order declaring the result was published, and shows the dates in which publication was made. As explained, the interlineation in the order had no significance, and the State was not required to explain the same.

The certificate of the county judge that he had made publication of the order declaring the result in accordance with the requirements of

the statute regulating what the county judge's certificate shall contain, and though said certificate of the county judge may have referred to and embraced other things not required of him, it by no means vitiated the order or his certificate. This is not like the case of Ladwig v. State, 40 Texas Crim. Rep., 585, where the county judge merely certified a conclusion, and no facts. Here he certified the facts, and more than he was required to certify to; his certificate showed the publication was in accordance with the statute, and put local option into effect; and after this was done all preliminary matters were presumed, and the burden was on appellant to show that such preliminary steps had not been taken. We think the orders of the court showed a legal election, and the result in favor of prohibition, and were sufficient to put local option into effect, and the court was authorized to so instruct the jury, and it was not incumbent on the State to introduce parole evidence of the publication or posting of the notices for the election. The State, however, did put witnesses on the stand to prove the issuance and posting of said notices; however, this evidence showed, in our opinion, a sufficient posting, and the court was not required to give the special requested instructions on the subject, submitting the question of the proper posting of said notices to the jury. The burden, as heretofore stated, in this respect, was on the defendant, and he introduced no evidence showing that the notices were not all posted the requisite length of time. Indeed, out of abundant caution it seems that two character of notices were given; that is, two character of notices by posting and publishing in a newspaper, and publication in a newspaper was for twenty days preceding the election. See Shields v. State, 42 S. W. Rep., 398; Chapman v. State, 39 S. W. Rep., 113.

There was nothing in the refusal of the court to permit the witness Beakley to testify on cross-examination by appellant as to the rules of the club in sending for whisky. This case does not show that any whisky was sent for. The prosecutor joined the club and got his whisky immediately.

There being no errors in this record, authorizing a reversal, the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.