HALLUM et al. v. COLEMAN et al.
(No. 8264.)

(Court of Civil Appeals of Texas. Dallas. July 5, 1919. Rehearing Denied Oct. 18, 1919.)

1. ANIMALS ☞50(2) — ADOPTION OF STOCK LAWS VOID FOR VARIANCE IN PETITION AND ORDER FOR STOCK LAW ELECTION.

Election for adoption of the stock law for subdivision of county was void; the statute requiring the petition for election to specify the classes of animals desired to be restrained and the order for election to conform to the petition, whereas the petition specified hogs, sheep, "and" goats, and the order hogs, sheep, "or" goats.

2. ANIMALS ☞50(2)—ORDER FOR STOCK LAW ELECTION VOID AS MADE AT WRONG TERM OF COURT.

Where order for election for adoption of stock law in a subdivision of a county was made at the term of the commissioners' court during which the petition was filed, instead of at the next term, as required by the statute, election was void.

3. EVIDENCE ☞83(4)—PRESUMPTION OF REGULARITY OF ORDER FOR STOCK LAW ELECTION CANNOT PREVAIL OVER FILE MARK OF PETITION.

Presumption that order of the commissioners' court for an election for adoption of stock law in a subdivision of a county was, as required by statute, made at the term after the filing of the petition, cannot, in the absence of other evidence, prevail over file mark on petition, showing its filing was at same term as the order.

4. ANIMALS ☞50(2)—VOID ORDER FOR STOCK LAW ELECTION NOT VITALIZED BY LAPSE OF YEARS.

Order of commissioners' court, under which election for adoption of stock law in a subdivision of a county was held, void because made, contrary to statute, at the same term that petition was filed, could not be vitalized by lapse of years.

Appeal from District Court, Henderson County; John S. Prince, Judge.

Action by W. H. Coleman and others against Porter Hallum and others. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

J. J. Faulk, of Athens, for appellants.
A. B. Watkins, of Athens, for appellees.

TALBOT, J. The appellees instituted this suit, praying for a writ of injunction enjoining appellants from turning out or permitting their hogs to run at large in two subdivisions of Henderson county, Tex., alleging, in substance, that they were farmers and owned large farms situated in said subdivisions; that appellants were turning their hogs out and permitting them to depredate upon their crops; that the stock law of this state, prohibiting hogs from running at large, had been adopted in said subdivisions by elections duly held in the years 1899 and 1890; that appellees were without adequate remedy at law, and unless the injunction prayed for was granted they would suffer irreparable injury. The court granted a temporary injunction in chambers. Thereafter, upon a final hearing, the injunction was perpetuated, and all costs adjudged against appellants. From this judgment appellants perfected an appeal to this court.

[1] It is contended by the appellants that both the elections alleged to have been held for the purpose of putting the hog law in force in the subdivisions in question were

void, and the injunction should not have been granted, because the respective orders of the commissioners' court directing said elections to be held were to determine whether "hogs, sheep, or goats" should be prohibited from running at large in said subdivisions; whereas, the respective petitions filed prayed for orders to determine whether "hogs, sheep, and goats" should be prohibited from running at large in said subdivisions. Under the facts and the law applicable thereto, this contention must be sustained. The law authorizing an election to determine whether hogs, sheep, or goats shall be prohibited from running at large in the subdivision of a county is a quasi local or special law, and depends for its validity upon its adoption in conformity with the law permitting its adoption. So it has been held, in passing on local option statutes, that such laws must be strictly construed, and every requisite of the statute, as to the petition, order of election, and other proceedings in reference thereto, must be complied with, or the election would be void. Prather v. State, 12 Tex. App. 401; Akin v. State, 14 Tex. App. 142; Ex parte Kramer, 19 Tex. App. 125. In the last case cited it was held that, if the election was not conducted in accordance with the requirements of law, it is void, and not merely voidable, and all proceedings had under and by virtue of such void elections absolutely void, and may be questioned, not only directly, but collaterally.

The statute authorizing an election of the character in question requires that a petition therefor be filed, specifying distinctly the class of animals which it is desired to restrain from running at large, and the order for the election must conform to the petition. Ex parte Kimbrell, 47 Tex. Cr. R. 333, 83 S. W. 382. The evidence in the case at bar discloses without contradiction, as contended by appellants, that the orders of the court directing the elections, in the respective subdivisions in question, were to determine whether or not hogs, sheep, or goats should be prohibited from running at large in said subdivisions, and that the petitions prayed for an election to determine whether or not hogs, sheep, and goats should be prohibited from running at large in said subdivisions. This being true, the orders for the elections did not conform to the petitions. They directed elections to be held, not to determine whether hogs, sheep, and goats should be prohibited from running at large, but whether hogs, sheep, or goats should be so prohibited, and as said in McElroy v. State, 39 Tex. Cr. R. 529, 47 S. W. 359, as submitted and voted upon, the voter necessarily voted in the alternative, and it is therefore impossible to determine whether they intended to prohibit the running at large of one or all kinds of said stock. In other words, as the proposition was submitted and necessarily voted upon, it cannot be told which of the classes of animals mentioned they intended should be prohibited from running at large, whether hogs, sheep, or goats; nor can it be said that they intended that all of the kinds mentioned should be prohibited from running at large.

The case of McElroy v. State, supra, is not in conflict with the case of Graves v. Rudd, 26 Tex. Civ. App. 554, 65 S. W. 63, decided by this court. In the latter case the election was asked to determine whether horses, mules, jacks, jennets, and cattle should be prohibited from running at large, and the petition, order for the election, and the notices of election "used the words 'horses, mules, jacks, jennets, and cattle,' while the order declaring the result of the election used the words 'horses, mules, jacks, jennies, or cattle.'" As thus submitted, it is absolutely certain that the voter voted to prohibit all of the kinds of animals named in the petition and in the order for the election from running at large, and the mere erroneous use of the word "or" in the order declaring the result of the election, made after the election was held, could in no way render uncertain the class of animals which the voters intended to prohibit from running at large, or otherwise affect the validity of the election. In that case the voters voted to prohibit horses, mules, jacks, jennies, and cattle, not horses, mules, jacks, jennies, or cattle, from running at large, and the untrue statement in the order of the court declaring the result of the election could not operate to render the election void.

[2] It is further contended that the election of 1889 is void, for the reason that the petition praying for that election was filed during the term of the court at which the order directing the election to be held was made. This contention is also well taken. The evidence without dispute shows that the commissioners' court of Henderson county, at which the order was made authorizing the election of 1889, convened at a regular term of said court on the 12th day of August, 1889, and that the petition for the election, as shown by the file mark indorsed thereon, was filed on that day; that it was acted upon that day, and the election ordered to be held on the 28th day of September, 1889. The statute required that, upon the filing of the petition for stock law election, the commissioners' court should, at its next regular term thereafter, pass an order directing an election to be held in the particular subdivision described in the petition, on a day to be designated in the order, not less than 30 days from the date of said order. This statute has been construed, and correctly so, to be mandatory, and to only authorize the making of the order at the next regular term of the commissioners' court after the filing of the petition; that a petition filed during the term of the court cannot be acted upon at that term, because it is not the next succeed-

ing term after the filing thereof. It was not competent, therefore, for the court to make the order for the election of 1889 at the same term the petition was filed, and, having made it at such term, the same was a nullity, and the election held under and by virtue of it was void. Cox v. State, 88 S. W. 812.

The appellees contend that—

"The marking of the petition 'Filed' is a mere clerical act, and since the commissioners' court is a court of general jurisdiction, under the Constitution, in the particular matter then in hand, the passing of the order and its observance for 30 years being shown, it will be presumed that the court in fact investigated this question affecting its jurisdiction, and found that the petition had been actually filed in due time."

[3] This contention cannot be maintained. It may be conceded that the indorsement on the petition of the date of its filing is not conclusive, and that the court would be authorized to hear evidence aliunde and determine the date it was placed in the hands of the clerk or the true date of its filing; but it does not appear that any such inquiry was made in this case. The file mark of the petition is the only evidence of the date of its filing, and no presumption in such case can be indulged that it was actually filed at another and different date, and prior to the term of the court at which the order for the election was made.

"When the record is silent as to what was done, it will be presumed that what ought to have been done was not only done, but rightly done. But when the record states what was done, it will not be presumed that something different was done." Hunton v. Nichols, 55 Tex. 217.

[4] The fact that 30 years had elapsed since the order was made directing the election to be held does not alter the case. If the petition was filed at the term of court at which the order for the election was made, the order was void, and it could not be vitalized by the lapse of years. There is no evidence in the record before us that the election of 1889 has been recognized as a valid election for any period of time, or that either hogs, sheep, or goats have been prohibited from running at large since it was held. On the contrary, the only evidence bearing upon the question of whether or not such animals have been prohibited from running at large since the election is the agreement of the parties "that defendants have turned their hogs out in said districts, and they were running at large therein prior to the granting of the injunction herein." This tends to show that the election in question has not been recognized as a valid election, rather than that it has been. It does not appear here, as in the case of Railway Co. v. Campbell, 105 S. W. 539, that the petition was left with the clerk of the court before the term of the court at which the order for the election was made.

There are several other reasons urged in appellants' brief why the judgment of the trial court in perpetuating the injunction herein should be held to be erroneous, but the conclusions we have reached render it unnecessary to discuss and decide those questions. For the reasons already stated the elections upon which appellees rely to justify the court's action in granting and perpetuating the injunction restraining appellants from permitting their hogs to run at large are void, and the judgment of the lower court is reversed, and judgment here rendered for appellants.

Reversed and rendered.