COLEMAN et al. v. HALLUM et al. (No. 242–3434.)

(Commission of Appeals of Texas, Section A. June 15, 1921.)

1. Animals ☞50(2)—"Or," in order for stock law election, held to mean "and."

Where the order for an election on the adoption of the law preventing hogs, goats, "and" sheep from running at large stated that the petition requested such election, and included a copy of the petition praying for such an election, the statement in the conclusion of the order that the election was to be held to determine whether hogs, goats, "or" sheep shall be permitted to run at large was manifestly contrary to the intent of the court to order the election asked for, so that the word "or" can be construed to mean "and," as is permissible to effectuate the intention of the parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, And; Or.]

2. Animals ☞50(2)—Petition essential to jurisdiction to order stock law election.

The petition for an election is fundamental and essential to the jurisdiction of the court in ordering an election on the adoption of the law prohibiting hogs, goats, and sheep from running at large within a county or subdivision.

3. Animals ☞50(2)—Stock law election may be ordered at term petition is filed.

Rev. St. 1911, art. 7212, requiring the commissioner's court at its next regular term after the filing of a petition therefor to order an election on the question of the adoption of the law prohibiting animals from running at large, was intended only to prevent the court from delaying the calling of an election, and does not invalidate an order for such election made at the same term at which the petition was filed.

4. Animals ☞50(2)—Regularity of stock law election presumed.

The proclamation of the county judge, declaring the result of an election adopting the law prohibiting hogs, goats, and sheep from running at large, raises the presumption that everything necessary to a legal election had been done, so that evidence such proclamation was issued is sufficient to show the validity of the election without evidence as to the manner of counting and tabulating the votes.

5. Animals ☞55—Impounding trespassing animals not adequate to prevent injunction.

The statutory remedy by impounding animals unlawfully running at large and selling them to pay for the damage done by them given by Rev. St. 1911, arts. 7222–7226, is of doubtful adequacy, since the damage might exceed the value of the animals, or the animals doing the damage might not be identified, and therefore such remedy does not prevent the granting of an injunction to restrain an owner from unlawfully permitting his hogs to run at large.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by W. H. Coleman and others against Porter Hallum and others for an injunction restraining defendants from permitting their hogs to run at large. A judgment granting the injunction was reversed and judgment rendered for defendants by the Court of Civil Appeals (214 S. W. 989) and plaintiffs bring error. Judgment of the Court of Civil Appeals reversed and that of the trial court affirmed.

A. B. Watkins, of Athens, for plaintiffs in error.

J. J. Faulk, of Athens, for defendants in error.

SPENCER, J. Plaintiffs sought and obtained an injunction restraining defendants from turning out their hogs and permitting them to run at large in two subdivisions of Henderson county, Tex. They alleged that, as a result of an election held in one of these subdivisions in 1889 and in the other in 1890, the law preventing hogs, goats, and sheep from running at large had been adopted in these subdivisions.

Defendants urged that the elections were void because the orders calling them were not to determine whether hogs goats, and sheep should be prohibited from running at large as prayed in the petition, but were to determine whether hogs, goats, or sheep should be prohibited from running at large.

If, as contended, the orders directed elections to determine whether hogs, goats, or sheep should be prohibited from running at large, it would be impossible to determine whether the voters intended to prohibit one or all classes of animals mentioned from running at large. But the orders construed as an entirety are not susceptible of that construction. Each order states that the petition requests an election to determine whether hogs, goats, and sheep shall ·be permitted to run at large. Included within each order is a copy of the petition, which contains a prayer for an election to determine whether hogs, goats, and sheep shall be permitted to run at large. Each order concludes:

"And it appearing to the court that said petition is in due form of law, and is signed and presented to this court by more than 20 freeholders of the said subdivisions of said county, it is therefore ordered by the court that said petition be, and is hereby, granted, and [an] election is hereby ordered to be held in said subdivision at * * * to determine whether hogs, goats, or sheep shall be permitted to run at large in said subdivision of [said] county."

Upon appeal, the Court of Civil Appeals was of opinion that the elections were void, and therefore reversed and rendered the judgment of the district court. 214 S. W. 989.

[1] It is clear that it was the intention of the commissioner's court to grant the request of the petitions for elections to determine whether hogs, goats, and sheep should be permitted to run at large. In both orders it made the emphatic declaration that such requests were granted. To hold that the concluding sentence of the order is to govern in arriving at the intention of the commissioner's court is. to disregard the plain intent of that body, as expressed in the orders when construed as a whole.

[2] The petition for an election is fundamental and jurisdictional. It is the basis of the court's action in ordering the election. The court is not at liberty to disregard the request to order the election prayed for, if the requisites of the statute have been complied with; nor is it at liberty to alter the request for an election by ordering an election different from the one called for by the petition. The construction contended for would ascribe to the commissioner's court the doing of an unauthorized act—the ordering of an election without a petition as a basis therefor—and also the ordering of an election that would be void because of the uncertainty as to what was to be submitted and voted upon therein. Such absurd results are to be avoided if it can be done consistent with the rules of law governing construction, and without doing violence to the language employed. The familiar canon of construction that the disjunctive participle "or" and the conjunction "and" may be read controvertibly whenever it is necessary to carry out the intention of the Legislature, as plainly expressed in the statute, should be applied in this case to effectuate the intention of the commissioner's court. In accordance with this rule, therefore, the word "and" should be substituted for "or" in the concluding sentence of the orders.

The honorable Court of Civil Appeals cites McElroy v. State, 39 Tex. Cr. R. 529, 47 S. W. 359, by our Court of Criminal Appeals, as authority for holding the election void. The published opinion in that case does not contain the order calling the election, but it is clear from a reading of the opinion that the decision is bottomed upon the proposition that the order in that case was for an election to determine whether hogs, goats, or sheep should be permitted to run at large, and that the question was submitted and voted upon in that form. The facts are therefore essentially different from the facts of this case.

[3] The contention that the election of 1889 is void because the commissioner's court, in violation of article 7212, R. O. S. 1911, passed the order calling the election at the same term that the petition was filed cannot be sustained. Article 7212 reads:

"Upon the filing of such petition the commissioner's court, at its next regular term thereafter, shall pass an order directing an election to be held throughout the county, or the particular subdivision thereof, as the case may be, on a day to be designated in the order, not less than 30 days from the date of such order."

The object of the provision of this article was to require prompt action by the commissioner's court in calling such elections. The language employed is not a limitation upon the power of the court to call such elections at the term at which the petition therefor is filed; it is but a direction to the commissioner's court to call the election prayed for at the next succeeding term of the court after the filing of the petition. The

Legislature was aware, of course, that in many instances petitions would be filed after the adjournment of the terms of the court, and that no action could be taken thereon during vacation. With the view to prevent the commissioner's court from postponing from term to term the ordering of elections, when properly petitioned to do so, this statute was passed. No intention contrary to this is manifested by the act. It is not susceptible of the construction that the Legislature intended to prevent the ordering of an election at the same term at which the petition was filed.

Our Court of Criminal Appeals in Robertson v. State, 44 Tex. Cr. R. 270, 70 S. W. 542, reached a different conclusion in construing this statute. It held that a petition filed during a regular term of the commissioner's court could not be acted upon by the court at that term. With all due deference to that court, we do not feel constrained to follow it in its construction of this article.

[4] Defendants urge that the elections were void because there is no evidence showing that the returns of the election were made to the county judge, opened, tabulated, and counted by him as the law requires, and that no proclamation declaring the results had ever been made by the county judge.

There is evidence in the record by the witness Watkins that the county judge issued his proclamation in both elections, declaring the result. The proclamation declaring the result raises the presumption that everything necessary to a legal election had been done. Chapman v. State, 37 Tex. Cr. R. 167, 39 S. W. 113; Ewing v. Duncan, 81 Tex. 230, 16 S. W. 1000.

[5] Defendants contend that, though the law had been legally adopted and is in force in the subdivisions mentioned, plaintiff is not entitled to injunctive relief because he has an adequate remedy at law. The remedy pointed out is the provision of the stock law which permits the impounding of stock by the owner, lessee, or person in lawful control of land invaded by stock forbidden to be permitted to run at large, and the sale, after notice and assessment of damages to satisfy the expenses incurred, fees accrued, and damages sustained. Articles 7222–7226, Rev. Civ. St. 1911.

The facts stated in the petition clearly and rightfully call for the assertion of the equitable powers of the court. The petition charged that plaintiff had planted and had growing upon his premises large fields of wheat and oats, and also had large quantities of corn, peanuts, and cotton upon his land subject to the depredations of several hundred of defendants' hogs, and that the loss occasioned by such depredations would be irreparable. An agreed statement by the parties show that defendants had turned out their hogs, and that they were running at large prior to the granting of the injunctive relief.

The remedy given by the statute is of very doubtful adequacy. The well-known destructive nature of the hog is so great that it takes one of them but a small period of time to destroy several times its value, and it takes no imagination whatever to approximate the probable destruction that several hundred of them may cause to growing and gathered crops subject to their depredations. Again, the depredations might take place unseen by the party whose property is damaged, and the damage done not discovered until the hogs had moved on to inflict injuries upon another neighbor. Identification of the hogs in such cases would generally be impossible. In such instances, the statute would afford the injured party no remedy whatever. For these, and many other reasons, which might be given, the court did not err in granting the relief sought. Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994.

We have considered all of defendants' assignments, and are of opinion that they should be overruled, and that the judgment of the Court of Civil Appeals should be reversed, and that of the trial court affirmed, and we so recommend.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.