### GANDY et al. v. THOMAS.

### No. 4425.

Court of Civil Appeals of Texas. Texarkana.

Nov. 30, 1933.

L. A. Kayser, of Tyler, for plaintiffs in error.

Curtis E. Hill, of Gilmer, for defendant in error.

JOHNSON, Chief Justice.

L. O. Gandy and E. L. (Ed) Butts were defendants in the trial courts and are plaintiffs in error in this court, and will be referred to as appellants. O. N. Thomas, plaintiff in the trial courts, is defendant in error in this court, and will be referred to as appellee.

It appears that appellee sued appellants in the justice court of precinct No. 1, Upshur county, Tex., and on May 23, 1932, obtained judgment against appellants for the sum of $176.15 and costs. Appellants appealed to the county court of Upshur county and filed their appeal bond with the justice of the peace, and it was by him approved on May 23, 1932, and the transcript was sent up to and filed in the county court of Upshur county, on May 31, 1932. The county court was then in session at its May term, 1932, which term of the county court convened on May 16th and adjourned on June 4, 1932. Two days after the filing of the transcript in the county court, and on June 2, 1932, appellee appeared and procured the entry of judgment by default against appellants and the sureties on their appeal bond. The appellants have, by writ of error, presented the case to this court for review, and under proper assignment of error assert the following proposition: "Where, as in this case, an appeal, from a personal judgment rendered in Justice Court against defendants, is perfected by defendants to County Court during a then current term of the County Court and after appearance day of such current term, the defendants are not required to appear at the then current term of the County Court to which such case was appealed, and the County Court is without jurisdiction to render personal judgment by default against the defendants at such current term."

Article 2456, R. C. S. 1925, provides: " * * * When such bond has been filed with the justice, the appeal shall be held to be thereby perfected and all parties to said suit or to any suit so appealed shall make their appearance at the *next* term of court to which said case has been appealed without further notice."

The "next term" of the county court at which this statute requires all the parties to make their appearance is not thought to mean

the "current term" then in session at the time of the filing of the appeal bond in the justice court. The term "next" has reference to that which comes after, and means that term of the county court which convenes subsequent to the date of filing the appeal bond in the justice court. Hence, the judgment of the county court was in error in adjudging the appellants to be in default at the term of the county court in session at the time the appeal bond was filed and approved in the justice court.

The judgment of the county court is reversed, and the cause remanded.