FRANK DAUWE V. THE STATE.

No. 22887. Delivered June 7, 1944.

The opinion states the case.

*Neil E. Beaton,* of San Antonio, for appellant.

*T. H. Ridgeway,* Assistant Criminal District Attorney, of San Antonio, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged with a violation of the Local Option Stock Law Statute alleged to have been adopted in a certain area in Bexar County. He was assessed a fine of $50.00.

The controlling question in this case relates to the validity of the order for the election by which the stock law was adopted in the subdivision of the county from which the prosecution arose. The facts show, as recited by Bill of Exception No. 3, that the petition for the election by fifty freeholders of the territory was filed on the 14th day of November, 1934, and the order for the election was entered on the same date. The election was held under Title 121, Chapter 6, Article 6958, R. C. S., which reads as follows:

"Upon the filing of such petition, the commissioners court *at the next regular term thereafter shall* (italics ours) pass an order directing an election to be held throughout the county, or the particular subdivision thereof, as the case may be, on a day to be designated in the order, not less than thirty days from the date of such order; which election shall be held and conducted and the returns thereof made in accordance with the laws regulating general elections, in so far as the same are applicable."

The first expression on the question before us which we find was by this court in the case of Robertson v. State, 70 S. W. 542, from which we quote:

"We construe this article to only authorize the making of an order at the next regular term of the commissioners court thereafter; that is, after the filing of the petition. A petition filed during the term cannot be acted on at that term because it is not the next succeeding term, after the filing thereof. This language appears to be mandatory, as prescribing the time when the petition can be acted on. It was accordingly not competent for the court to make the order for the election at the same term the petition was filed."

This holding has been consistently followed. In Cox v. State, 88 S. W. 812, an equally strong statement is made to that quoted above. The writer is unable to find any fault with the reasoning of the two cases as they appear to have followed plain, mandatory language designating "the next regular term thereafter" as the time for action on a petition filed by the qualified number of freeholders asking for such an election.

The district attorney has filed an able brief in this case, in which he seeks to have this court follow certain decisions of the Courts of Civil Appeals and the Supreme Court. That there is a conflict in the decision of the two courts must be conceded. 39 Tex. Juris., page 357, Sec. 46. We are charged with the responsibility at this time of determining from the language of the statute and the reasoning indulged by each court whether or not the former holdings of this court are correct and whether or not we should follow the same.

We will consider Coleman, et al, v. Hallum, et al, 232 S. W. 296, which is the original conflicting opinion approved by the Supreme Court on June 15, 1921, long after the decisions in the Robertson and Cox cases. After quoting the article of the statute, the court reasoned:

"The object of the provision of this article was to require prompt action by the commissioner's court in calling such elections. The language employed is not a limitation upon the power of the court to call such elections at the term at which the petition therefor is filed; it is but a direction to the commissioner's court to call the election prayed for at the next succeeding term of the court after the filing of the petition. The Legislature was aware, of course, that in many instances petitions would be filed after the adjournment of the terms of the court, and that

no action could be taken thereon during vacation. With the view to prevent the commissioner's court from postponing from term to term the ordering of elections, when properly petitioned to do so, this statute was passed. No intention contrary to this is manifest by the act. It is not susceptible of the construction that the Legislature intended to prevent the ordering of an election at the same term at which the petition was filed." It then recalls that it is in conflict with Robertson v. State, supra, which it does not feel constrained to follow.

We have given serious consideration to this conflict in decisions, feeling it to the best interest of the jurisprudence of the State to obliterate and reconcile all conflicts and apparent conflicts when it is possible to do so, but we are unable to agree that the language does not limit the power of the Commissioners' Court "to call such elections at the term at which the petition therefor is filed." The law says "at the next regular term thereafter."

It occurs to the writer that the language of the statute must be considered in its ordinary sense to determine whether or not it means the regular term of the Commissioners' Court next succeeding the time at which the petition was filed. In Gandy v. Thomas, 66 S. W. (2d) 449, an opinion by the Court of Civil Appeals, it is stated that the words "next term" in the statute requiring parties to make appearance at the next term of county court to which the case has been appealed from justice court, means the term of county court which convenes after filing of appeal bond in justice court. The word "next" was defined as "meaning that which comes after."

Appearance bonds for the "next term" of court are uniformly held to mean that term next convening after the making of the bond. So far as we are able to find, the use of the expression "next term" always refers to the term of court that begins after the event specified. Much more would this be true when emphasized by the use of the word "thereafter." All dictionaries define "thereafter" to mean "after that; afterward; subsequently." It could hardly be so used as to mean "at present." The word "shall" sometimes appears in sentences which are clearly directory. However, its use in the sentence under consideration cannot avail to destroy the mandatory nature of the law. Regardless of any reasoning which may be indulged, the language of the statute is clear and plain. This court has consistently followed it and should continue to do so until the language is changed.

Both the Robertson and the Cox cases were written long prior to the codification of 1911. The statute was reenacted by the legislature in this codification with the judicial construction given it by the Robertson and Cox opinions, and accepted rules of construction decree the proper interpretation of the legislative intent to be in accord with judicial construction. Thus we feel fully warranted in following the former opinions of this court.

It is, therefore, our conclusion, that there was no valid stock law election and that the prosecution will not lie.

The judgment of the trial court is reversed and the prosecution ordered dismissed.