WORTHY v. KING.

No. 4709.

Court of Civil Appeals of Texas.
Beaumont.

Jan. 17, 1952.

Rehearing Denied Feb. 20, 1952.

R. H. Dent, Hemphill, for appellant.

Minton & Minton, Hemphill, for appellee.

PER CURIAM.

This is an appeal from an adverse judgment in the District Court of Sabine County in an election contest filed by J. H. Worthy, appellant, against L. E. King, County Attorney, appellee. A stock law election was held in certain territory in Sabine County for the purpose of determining whether hogs, sheep and goats should be permitted to run at large in said territory. The stock law carried by a vote of 16 to 1. The appellant contested the election and after the unfavorable judgment in the District Court brought his appeal to this court for review. The transcript was filed, but no statement of facts has been filed in this court.

The trial court filed findings of fact and conclusions of law which were as follows:

"Findings of Fact

"1.

"I find that a petition bearing the signature of Twenty-two (22) resident free holders was filed with the county clerk and ex-officio clerk of the Commissioner's Court of Sabine County, Texas at 9 A.M. on the 10th day of October A.D., 1949 requesting an election to be held within the territory described in said petition for the purpose of determining whether hogs, sheep and goats should be permitted to run at large within said territory described in said petition.

"2.

"I find that the 10th day of October A.D., 1949 was the second Monday of the month of October and that said date was the regular date for the convening of the regular term of the Commissioner's Court for the month of October; I find that said court convened its regular terms at 10 A.M. on the second Monday of each month and that the regular term of said court for the month of October convened at 10 A.M. on the 10th day of October A.D., 1949.

"3.

"I find that said petition was granted by said court at the next regular term following the filing of said petition and that on said 10th day of October A.D., 1949, said court after having convened its regular term at 10 A.M., granted said petition and ordered an election to be held on the 26th day of November A.D., 1949.

"4.

"I find that after due notice, such election was held within the territory described in the petition for same and that returns of said election were duly made to the Commissioner's Court of Sabine County, Texas and that on the 26th day of November A. D., 1949 the Commissioners' Court of Sabine County, Texas convened at the regular meeting place with the County Judge and all four Commissioners present, as well as the County Clerk and that said court duly canvassed the returns of said election resulting in a declaration by the court that 16 votes were cast for said stock law and 1 vote was cast against such stock law and that the minutes of said meeting of the Commissioners' Court canvassed the returns of said election and declared the results thereof are properly recorded.

"5.

"I find that a proclamation was posted on or about the 28th day of November A.D., 1949 following the canvass of said returns of said election but that said proclamation did not contain the signature of the County Judge.

"6.

"I find that on or about the 5th day of January A.D., 1950 another proclamation in due form and bearing the signature of the County Judge was duly posted on the bulletin board in the courthouse at Hemphill, Texas.

"7.

"I find that on or about the 19th day of December A.D., 1949 the contestant caused to be delivered to the contestee in person a

copy of his notice of contest of said election accompanied by a statement of the grounds upon which he would rely for said contest.

"8.

"I find that all the statutory requirements have been made in the process of said election.

"Conclusions of Law

"1.

"I conclude that the petition filed for the stock law election was properly filed and that it was granted by the Commissioners' Court at the next regular term following its filing and that all of the requirements of the stock law election statutes have been substantially complied with in holding of the election, canvassing the returns and declaring the results thereof.

"2.

"I conclude that the contestant is not entitled to the relief prayed for in his amended petition upon which he went to trial.

"3.

"I conclude that by the procedure followed as shown by the testimony in this case, a valid stock law has been enacted to cover the territory described in the original petition presented to the Commissioners' Court."

Since there is no statement of facts before us we must assume that there was sufficient evidence before the trial court to support the findings of fact.

The appellant predicates his appeal upon 4 points, which are as follows:

"1.

"The error of the Court in holding the election valid although the petition was filed the same day of the term the election was ordered and was received by the County Clerk in the office of the County Judge and in the presence of at least a part of the Court at 9 A.M. in the presence of the County Judge and presented to the Court at its session beginning at 10 o'clock A.M. the same day.

"2.

"The error of the Court in holding election valid even though the proclamation declaring the stock law in effect was not signed by the County Judge.

"3.

"The error of the Court in holding said election valid although a signed proclamation was not posted until over thirty days after the returns of the election were canvassed. (Art. 6937.)

"4.

"The Court erred in holding said election valid, because the record does not reflect that the returns of election were properly canvassed, in that it is not shown who counted the votes; but said records states that the votes were counted in the presence of the Commissioners' Court, the Justice of the Peace, Frank Davidson, Sam Solly and Henry Butler. (Page 30 statement of facts)."

■ We consider appellant's points in reverse order. The Fourth Point must be overruled, because we do not have a statement of facts and the trial court found as a fact that the Commissioners' Court duly canvassed the returns of the election.

■ Points Two and Three are overruled. The proclamation by the County Judge declaring the stock law in effect was not signed by him, but over 30 days after the returns of the election were canvassed the County Judge signed and posted another proclamation to the same effect. We believe that this is a substantial compliance with the election law, Art. 6937, Vernon's Annotated Civil Statutes of Texas, which provides that the County Judge shall immediately issue his proclamation declaring the result.

■ The appellant's First Point is one which has given us some concern, because of conflicting holdings by the Court of Criminal Appeals and the Supreme Court on the point presented. Of course if the action by the Commissioners' Court after 10 o'clock on the opening day of its term of court was "the next regular term" after the filing of the petition for the election at

328

9 o'clock on the morning of the same day, as was held by the trial court, then no question of law is presented as to the validity of the Commissioners' Court's action. That would be a compliance with the statute, Art. 6933, Vernon's Annotated Civil Statutes of Texas, which provides that "upon the filing of such petition, the commissioners court, at its next regular term thereafter, shall order an election". We believe however, that although the Commissioners' Court met at 10 o'clock in the morning of the second Monday of October and that day was the regular day for the convening of the regular term of court for the month of October, still the term began at the beginning of that day and a petition for an election filed at any time during that day must be considered as being filed at the October term of court.

According to the holdings of the Court of Criminal Appeals in Robertson v. State, 44 Tex.Cr.R. 270, 70 S.W. 542; Cox v. State, Tex.Cr.App., 88 S.W. 812 and recently, in 1944, in the case of Dauwe v. State, 147 Tex.Cr.R. 384, 180 S.W.2d 925, the action of a Commissioners' Court in ordering such an election at the same term at which the petition therefor is filed was unauthorized and hence there was no valid stock law election. Meanwhile in a civil case, Coleman v. Hallum, 232 S.W. 296, the Commission of Appeals, in an opinion adopted by the Supreme Court, in 1921 held that such an action by the Commissioners' Court in ordering a stock law election at the same term during which the petition therefor was filed does not invalidate an order for such election. It held that the statute was not a limitation upon the power of the Commissioners'. Court to call such election at the term at which the petition is filed but that the statute was passed to prevent the Commissioners' Court from postponing from term to term the ordering of elections when properly petitioned to do so. The opinion in Dauwe v. State, supra, discussed these diverse holdings and announced that the former holdings of the Criminal Court of Appeals would again be followed by that court. Regardless of the reasons announced by the two high courts of this state we feel that the holdings of

the Supreme Court are binding upon this court and accordingly hold that the action of Commissioners' Court of Sabine County in this case was not unauthorized. We are not unmindful of the fact that if any person should be prosecuted for violation of the stock law which was put into effect by the election under scrutiny here and if he should be convicted in the courts of Sabine County, the Court of Criminal Appeals would probably dismiss the prosecution. We believe however, that unless and until the Supreme Court's ruling and holding in this regard is changed by action of the Supreme Court itself, our decision must not be concerned with the contrary holdings of any other court.

The judgment is affirmed.