

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 22, 1962

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-1363

Re: Whether the submitted in-
struments are sufficient
to constitute a valid pe-
tition for the calling of
a school election under
the provisions of Article
2900a, Vernon's Civil Stat-
utes.

Dear Dr. Edgar:

You have submitted certain instruments to this office
and requested our opinion as to whether these instruments are
sufficient to constitute a valid petition for the calling of
a school election under the provisions of Article 2900a, Ver-
non's Civil Statutes.

Article 2900a authorizes and prescribes the procedure
for the abolition of the dual school system by vote of the
qualified electors residing in a school district at an elec-
tion called for such purpose. Section 2 of Article 2900a
provides in part as follows:

"An election for such purpose shall be
called only upon a petition signed by at least
twenty per cent (20%) of the qualified electors
residing in such district. Such petition shall
be presented to such office or board now author-
ized to call school elections. . . . the official
or board shall call such an election within sixty
(60) days after filing of such petition. . . ."

Certain problems are evident in an examination of the
submitted documents. The first of these problems is that the
"petition" as such consists of several completely separate
documents, the signatures to which are separate although at-
tached to the parent petition. The signatures are, in some
cases, on blank pieces of paper which are attached to the
petition by staples. Other signatures are on the reverse side
of the petition itself. Another problem is whether or not all
of the submitted instruments constitute one petition. Some of

the instruments contain wording the same in many respects but dissimilar in others. Apparently there are two sets of petitions since there are only two different sets of wording. Only if the two dissimilar sets can be held to constitute one petition in fact can there be a sufficient number of signatures to constitute 20% of the qualified voters.

Another objection that has been raised is that some of the petitions or lists contain a "Mr. and Mrs." before the signatory. Obviously the same was written by one person and could not have been signed by both a man and a woman. Other minor irregularities appear in other signatures, together with a lack of authorization for such irregularities. You have asked this office to examine the submitted instruments in the light of the reported irregularities and advise as to the effect of such upon the instruments as a petition for the purposes of calling an election under Article 2900a.

In attempting to determine the sufficiency of the submitted documents, we must first note that there is no general statute in Texas relating to the necessary contents and form of a petition for an election. The sufficiency of any given petition must be measured by the statute which requires its use. In this case we have Article 2900a. This Article merely states that the petition must be signed by 20% of the qualified voters. Since this provides no effective guideline, we must turn to general law in an attempt to determine the necessary requirements of form of a petition for an election. In Neal v. State, 102 S.W. 1139 (Tex.Crim. 1907), it was held that in a local option petition separate headings still constituted one petition. The mere fact that the petition was in several pieces did not, of itself, vitiate the quality of the petition. In Dillard v. State, 20 S.W. 1106 (Tex.Crim. 1893), a petition in a local option election was held to be sufficient if the said petition was intelligible as to the desire of the voters. In the landmark case of Graves v. Rudd, 65 S.W. 63 (Civ.App. 1901, writ denied), the validity of an election was challenged on the grounds that there was a variance between the petition for the election and the order calling the election. The court said that this variance was immaterial on the ground that there was no real uncertainty present. No voter could have been confused by the petition. We also cite Attorney General's Opinion No. 0-2901 (1940). In this opinion certain guidelines were set forth and a copy is enclosed for your information.

On the basis of the cases cited above, it must be seen that the test for sufficiency of a petition for an election is essentially whether or not the voter signing the petition fully understood the matter to which he was affixing his signature. If each of the voters who signed did so understand, then a minor variance in phraseology of the several circulated petitions would not appear to be a fatal flaw. The determination of whether or not the variation between the various petitions is minor or major is a matter to be decided by the agency to which the petition is addressed.

The case of Boynton v. Brown, 164 S.W. 893 (Civ.App. 1914, error ref.), held that the determination of validity of a petition for an election is a judicial act. A court may not disturb such a determination unless it is shown to have been arbitrary, unreasonable, capricious or fraudulent. The determination is a judicial act that can only be taken by the authority to which the petition is addressed. The few cases which have dealt with the sufficiency of petitions have unanimously upheld this statement. Graves v. Rudd, supra; Winfree v. Montgomery County, 95 S.W.2d 470 (Civ.App. 1936); Bramley v. Miller, 1 N.E.2d 111 (Ct. of Appeals, New York, 1936); 29 C.J.S. "Elections," 8 69.

With the law in its present state, the responsibility for determining the sufficiency of this petition or petitions falls on the local school board. It is its duty to make findings of fact regarding the validity of the signatures presented them, regarding the unity of the petition or petitions presented to them and regarding satisfaction of the 20% requirement of Article 2900a. Stated in another way, we must hold that the sufficiency of a petition for the holding of a school election under Article 2900a is a question of fact which is resolvable in the first instance only by the school board to which the petitions are addressed. Bearing in mind the requirement stated in Boynton v. Brown, supra, that the determination must not be arbitrary, unreasonable, capricious or fraudulent, the school board's determination may not be attacked.

By virtue of the cases and textual material cited, the matter reduces itself to questions of fact. You are advised that the Attorney General is unable to resolve questions of fact and render decisions thereupon. We cannot invade the province of the local authorities.

S U M M A R Y

Whether certain submitted instruments
constitute a petition that would re-
quire calling an election under Article
2900a, V.C.S., is a question of fact
that must be resolved by the local school
board, acting in a judicial capacity.

Very truly yours,

WILL WILSON
Attorney General of Texas

By

Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Morgan Nesbitt
Marvin Sentell
Grady Chandler

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore